State v. Davis

No. 771SC8

(Filed 15 June 1977)

1. Constitutional Law § 50— denial of speedy trial — showing required

A defendant has been denied his right to a speedy trial and the prosecution must be dismissed when (1) there has been an atypical delay in issuing a warrant or in securing an indictment, (2) defendant shows that the prosecution deliberately and unnecessarily caused the delay for the convenience or supposed advantage of the State, and (3) defendant shows that the length of the delay created a reasonable possibility of prejudice.

2. Constitutional Law § 51— no atypical delay between offense and indictment — no denial of speedy trial

There was no atypical delay in securing an indictment against defendant where the evidence tended to show that the offense in question occurred on 11 November 1974; the SBI subsequently began an investigation of the case; and an indictment was returned against defendant in April 1975; therefore, defendant failed to show a denial of his right to a speedy trial.

APPEAL by defendant from Tillery, Judge. Judgment entered 30 June 1976 in Superior Court, GATES County. Heard in the Court of Appeals 12 May 1977.

Defendant was tried for the felonies of forgery and uttering a forged instrument.

In summary, the State offered evidence tending to show the following:

Defendant was employed as a salesman for a wholesale grocery company. On 11 November 1974, one of the firm's customers, Mrs. Eure, gave him a check in the amount of $543.07, the amount of the invoice for which it was given in payment. Mrs. Eure suspected that defendant had altered other

checks. She immediately notified the bank of the issuance of the check and the amount thereof. Defendant altered the check so that it would call for the payment of $843.07, and caused it to be presented for payment. An employee of the bank immediately noticed that the check called for payment of $843.07 instead of $543.07. Mrs. Eure was notified and payment on the check was stopped. The check was preserved and introduced as evidence.

There was evidence tending to show that defendant had altered a number of other checks that Mrs. Eure had given him.

Defendant offered evidence tending to show that he did not alter the check. He contended that the check was drawn for $300.00 more than the invoice so that, at Mrs. Eure's request, he could give her $300.00 in cash. He said that it was a common practice for Mrs. Eure to issue checks for more than the invoice and receive the difference in cash. He followed the same practice with other customers.

Defendant was convicted of both charges and judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Associate Attorney Catharine Biggs Arrowood, for the State.*

*Carter W. Jones, by Ralph G. Willey III, for defendant appellant.*

VAUGHN, Judge.

Defendant's principal argument is that the cases should have been dismissed because he was not "afforded a speedy trial in conformity with the Fifth, Sixth and Fourteenth Amendments."

A hearing was held on defendant's motions to dismiss. Defendant does not except to any of the judge's findings of fact that were made in the orders denying the motions. Instead, he entered a general exception to each of the orders.

[1]  A defendant has been denied his right to a speedy trial and the prosecution must be dismissed when:

1. There has been an atypical delay in issuing a warrant or in securing an indictment, and

2. Defendant shows that the prosecution deliberately and unnecessarily caused the delay for the convenience or supposed advantage of the State, and

3. Defendant shows that the length of the delay created a reasonable possibility of prejudice. *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274.

[2]  In the case before us the offense occurred on 11 November 1974. The next day defendant's employer talked with defendant about the check. Defendant told his employer that he gave Mrs. Eure change for check. On 15 November 1974, defendant met with his employer, Mrs. Eure, Mrs. Eure's attorney and her accountant. At that meeting, defendant was also accused of altering about 150 checks that had been given him by Mrs. Eure. He admitted altering some of the checks but said that he did so because, after the checks were written, Mrs. Eure decided she wanted some cash. Mrs. Eure told him that he had never given her cash. At that meeting Mrs. Eure's attorney told defendant that in his opinion a criminal offense had been committed and that the matter would be handled by the solicitor. Subsequently, the local agent of the State Bureau of Investigation began an investigation of the case. In April, 1975, the grand jury of Gates County returned a bill of indictment against defendant charging him with forgery and uttering the check in question. A capias was issued and defendant was arrested on 29 April 1975. There had been previous sessions of the grand jury in January and in March. On these facts we hold that there was not an atypical delay in securing the indictment. Moreover, there is absolutely no evidence that there was any unnecessary delay for the convenience of the State, or that defendant was prejudiced. To obtain dismissal because of preindictment delay, there must be a positive showing of all of the three circumstances set out in *State v. Johnson, supra.* Defendant has failed to show the existence of any of them. There is also no merit to defendant's contention that he was not afforded the opportunity for a speedy trial after the indictment.

The only other exception brought forward is Number 7 in which he contends that the State failed to comply with a discovery order. The exception is without merit.

No error.

Judges BRITT and ARNOLD concur.