STATE OF NORTH CAROLINA v. STEVEN EDWIN RICE

No. 7926SC969

(Filed 1 April 1980)

**Constitutional Law § 50— 49 days between indictment and trial—Speedy Trial Act complied with**

    The State was in compliance with the provisions of the Speedy Trial Act where 49 days elapsed between defendant's indictment and trial. G.S. 15A-701(a1)(1).

APPEAL by defendant from *Kirby, Judge*. Judgment entered 21 May 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 March 1980.

Defendant was tried and convicted of felonious escape. From that conviction, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Assistant Public Defender Grant Smithson, for defendant appellant.*

VAUGHN, Judge.

This appeal raises as its sole assignment of error the issue whether the State has complied with the Speedy Trial Act. G.S. 15A, Art. 35. Defendant's motion to dismiss on the ground that the State had failed to comply with the act was denied.

A warrant was issued on 13 June 1978 alleging defendant's felonious escape from prison on 11 June 1978. Defendant was arrested on 14 November 1978 on the warrant for felonious escape which was served seven days later. Defendant filed a motion for speedy trial on 27 December 1978. A probable cause hearing was waived by defendant on 5 January 1979, at which time a public defender was appointed to represent him. On 2 April 1979, de-

fendant was indicted for felonious escape. Defendant's counsel made a motion on 8 May 1979 for dismissal of the case pursuant to G.S. 15A-701(a1) and for failure to allow the defendant his Sixth Amendment right to a speedy trial. This motion was denied 11 May 1979, and the trial followed on 21 May 1979. The time span from arrest to trial was 188 days, with 133 days between service of the warrant for arrest and the date of indictment. Only forty-nine days elapsed from indictment to trial.

The Speedy Trial Act provides in pertinent part:

(a1) Notwithstanding the provisions of G.S. 15A-701(a) the trial of a defendant charged with a criminal offense who is arrested, served with criminal process, waives an indictment or is indicted, on or after October 1, 1978, and before October 1, 1980, shall begin within the time limits specified below:

(1) Within 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, *whichever occurs last.*

G.S. 15A-701(a1)(1) (emphasis added). On the facts of this case, the last of the items specified in G.S. 15A-701(a1)(1) to occur was the indictment of defendant on 2 April 1979. The trial was forty-nine days later. The State, therefore, met the 120 day time frame of the statute. The State was in compliance with the statutory provisions of the Speedy Trial Act.

Defendant did not address the issue of whether in this case he was denied his Sixth Amendment right to a speedy trial and consequently we do not consider that issue which, among other things, would have required a showing of reasonable possibility of prejudice. *See State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969); *State v. Davis,* 33 N.C. App. 487, 235 S.E. 2d 416 (1977).

No error.

Chief Judge MORRIS and Judge ARNOLD concur.