STATE OF NORTH CAROLINA v. FRANK M. BOLTINHOUSE

No. 8012SC523

(Filed 2 December 1980)

1. Criminal Law § 91— Speedy Trial Act — no probable cause — new charge — time of commencement of limitation period

Where there was a finding of no probable cause on a charge of feloniously receiving stolen property, the period of time within which trial on a new charge of felonious possession of the same stolen property must commence under G.S. 15A-701(al)(3) began to run from the date of defendant's indictment on the new charge rather than from the date of his arrest on the original charge.

2. Receiving Stolen Goods § 5.1— felonious possession of stolen goods — purpose of resale — sufficient evidence

The State's evidence in a prosecution for felonious possession of stolen property was sufficient for the jury to find that defendant possessed the stolen items "for a dishonest purpose of resale" where it tended to show that the stolen property was located by its rightful owners at a pawn shop operated by defendant; defendant was extensively involved with a theft ring and often directed the actual perpetrators of the thefts as to which houses they should break and enter; the perpetrators then brought the stolen goods to defendant's home where defendant purchased them for resale; and defendant, rather than the corporation which employed him at the pawn shop, possessed the stolen items.

3. Receiving Stolen Goods § 7— possession of stolen goods — theft by breaking and entering — felony without regard to value

Defendant's possession of stolen goods knowing them to have been stolen by a breaking and entering constituted a felony without regard to the value of the stolen property. G.S. 14-72(c).

4. Criminal Law § 102.6— jury argument — importance and implications of case

Defendant was not prejudiced by the prosecutor's argument "that the case was important and had wide-ranging implications" since the comment was not abusive or inflammatory and did not suggest impermissible conclusions to the jury, and the court on its own motion sustained its objection to the comment and instructed the jury to disregard it.

5. Criminal Law § 102.6— jury argument — jury's use of "sixth sense"

Defendant was not prejudiced by the prosecutor's jury argument that the jury should "use their sixth sense" to find the facts where the trial court instructed the jury to follow the court's instructions and not be guided by what the attorneys argued to them.

APPEAL by defendant from *Martin, Judge.* Judgment entered 9 January 1980 in Superior Court, CUMBERLAND County. Heard in

the Court of Appeals 14 October 1980.

Defendant was arrested pursuant to a warrant issued 24 May 1979 charging that he "did unlawfully, willfully, and feloniously receive and have . . . the personal property of Elizabeth Jones, having a value of about $11,105.18, knowing and having reasonable grounds to believe the property to have been feloniously stolen, taken and carried away . . . ." On 5 September 1979 a finding of no probable cause was entered on the charge. On 24 September 1979 defendant was indicted for the felonious possession, in violation of G.S. 14-71.1, of the same stolen property which was the subject of the 24 May 1979 warrant. Defendant's trial on the charge contained in the 24 September 1979 indictment commenced 7 January 1980. The jury found defendant guilty of felonious possession of stolen property.

From a judgment of imprisonment, defendant appeals.

Other facts necessary to consideration of the errors assigned will be set forth in the opinion.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Downing, David, Vallery, Maxwell and Hudson, by Edward J. David, for defendant-appellant.*

WHICHARD, Judge.

[1] By his first assignment of error defendant contends the trial court erred in denying his motion to dismiss the indictment for the State's failure to afford him a speedy trial in accordance with G.S. 15A-701.

G.S. 15A-701(al)(3) provides:

When a charge is dismissed, other than under G.S. 15A-703, or a finding of no probable cause pursuant to G.S. 15A-612, and the defendant is afterward charged with the same offense or an offense based on the same act or transaction or on the same series of acts or transactions connected together or constituting parts of a single scheme or plan, [his trial shall commence within 120 days from the date that the defendant was arrested, served with criminal process, waived an

State v. Boltinhouse

indictment, or was indicted, whichever occurs last, for
the original charge.[1]

Defendant contends that the 24 May 1979 warrant charged
him with receiving and having the same stolen goods which were
the subject of his 24 September 1979 indictment for felonious pos-
session; that he was therefore "afterward charged [in the 24 Sep-
tember 1979 indictment] with . . . an offense based on the same act
or transaction or on the same series of acts or transactions" (as were
involved in the 24 May 1979 arrest warrant) within the meaning of
that phrase as used in G.S. 15A-701(al)(3); that he was indicted 122
days after the "original charge" within the meaning of that phrase
as used in G.S. 15A-701(al)(3); and that therefore his motion to
dismiss for non-compliance with the statute, by failure to bring him
to trial within 120 days of the "original charge," should have been
granted.

The phrase "or a finding of no probable cause pursuant to G.S.
15A-612" was inserted in G.S. 15A-701(al)(3) by amendment of the
1979 General Assembly. The placement of the amendment within
the statute, and the language used, render the statute ambiguous;
and it is admittedly subject to the interpretation for which defend-
ant contends. It is equally subject, however, to an interpretation
that when a finding of no probable cause is entered pursuant to G.S.
15A-612, the computation of time for the purpose of applying the
Speedy Trial Act commences with the last of the listed items
("arrested, served with criminal process, waived an indictment, or
was indicted") relating to the new charge rather than the original
charge.

G.S. 15A-612(b) clearly provides that a finding of no probable
cause at a probable-cause hearing does not preclude the State from
instituting a subsequent prosecution for the same offense. It is well
established that

[s]tatutes dealing with the same subject matter must
be construed in pari materia, and harmonized, if pos-
sible, to give effect to each. Any irreconcilable ambi-
guity should be resolved so as to effectuate the true

---

[1]This provision applied, at the time of defendant's indictment, to a defendant
"who is arrested, served with criminal process, waives an indictment or is indicted,
on or after October 1, 1978, and before October 1, 1980." Defendant here was indicted
24 September 1979.

legislative intent.

12 Strong's North Carolina Index 3d, Statutes § 5.4, pp. 69-70, and cases cited. Construing the ambiguity in G.S. 15A-701(al)(3) in light of the clearly expressed policy in G.S. 15A-612(b) of permitting subsequent prosecution for the same offense when a finding of no probable cause has been entered, we find the construction of G.S. 15A-701(al)(3) for which defendant contends untenable. We do not believe the General Assembly intended by the 1979 amendment to G.S. 15A-701(al)(3) to carve out an exception to the clear intent of G.S. 15A-612(b) to permit subsequent prosecution for the same offense where a finding of no probable cause has been entered; and, as here, that would often be the result if we construed the intent of the phrase "or a finding of no probable cause pursuant to G.S. 15A-612" in G.S. 15A-701(al)(3) as defendant contends we should. On the contrary, we believe the General Assembly must have intended, in amending the statute to include this phrase, to preserve the policy set forth in G.S. 15A-612(b) of permitting prosecution for the same offense after a finding of no probable cause has been entered.

Construing the ambiguous language of G.S. 15A-701(al)(3) in light of the clear intent of G.S. 15A-612(b), we find that the period for computation of the time within which trial must be commenced under G.S. 15A-701(al)(3) began to run from the date of defendant's indictment on the new charge rather than from the date of his arrest on the "original charge," as he contends. The 24 September 1979 indictment of defendant thus constituted the last in the relevant sequence of events, and 24 September 1979 rather than 24 May 1979 (the date of the original arrest warrant) was the date on which the 120 day period prescribed by G.S. 15A-701(al)(3) for commencement of trial began to run. Defendant's trial commenced 7 January 1980, 105 days later. The state, therefore, complied with the 120 day requirement imposed by the Speedy Trial Act as we interpret it. *See State v. Brady,* 299 N.C. 547, 264 S.E. 2d 66 (1980); *State v. Rice,* 46 N.C. App. 118, 264 S.E. 2d 140 (1980). This assignment of error is overruled.

**[2]** Defendant asserts in his second assignment of error that his motion for dismissal should have been granted because the State failed to prove that he possessed the stolen items of property "for a dishonest purpose of resale." The stolen property for the possession of which defendant was indicted was located by its rightful owners

subsequent to its disappearance at a pawn shop which was operated by the defendant. The basis of defendant's argument is that he was merely an employee of the pawn shop and had no ownership interest. The record contains ample evidence, however, that defendant, rather than the corporation which employed him, possessed the stolen items and that he possessed them for the purpose of resale. Evidence for the State tended to establish defendant's extensive involvement with a theft ring, in which he often directed the actual perpetrators of the thefts as to which houses they should break and enter. The perpetrators then brought the goods stolen from those houses to defendant's home, where defendant purchased them for the purpose of resale. This assignment of error is without merit and is overruled.

Defendant's third assignment of error is that the trial court erred in not adequately and fairly instructing the jury on "non-felonious possession of stolen property." While under the evidence in this case the trial court may not have been required to charge the jury on non-felonious possession, it did so; and we find the instructions entirely adequate. *See* N.C.P.I.-Criminal 216.46. This assignment of error is overruled.

[3] By his fourth assignment of error defendant contends that the trial court erred in sentencing him as a felon, in that the evidence did not establish a value of the stolen goods in excess of $400. The record contains plenary evidence from which the jury could have found that defendant possessed the stolen goods knowing them to have been stolen by a breaking and entering in violation of G.S. 14-54. Such possession is a felony "without regard to the value of the property in question." G.S. 14-72(c). This assignment of error is overruled.

Defendant by his fifth assignment of error contends that he was prejudiced by the District Attorney's comments to the jury "that the case was important, and had wide-ranging implications" and that the jury should "use their sixth sense" to find the facts. Our Supreme Court has consistently held that counsel must be allowed wide latitude in argument. "Whether counsel abuses this privilege is a matter ordinarily left to the sound discretion of the trial judge, and we will not review the exercise of this discretion unless there be such gross impropriety in the argument as would be likely to influence the verdict of the jury." *State v. Covington,* 290 N.C. 313, 328, 226 S.E. 2d 629, 640 (1976).

**[4]** The comments of the District Attorney here regarding the importance of the case were not abusive or inflammatory. They did not suggest conclusions to the jury which were impermissible under the evidence. Further, the trial court found as a fact that on its own motion it had sustained its objection to that argument and instructed the jury to disregard it.

**[5]** As to the comment that the jury should "use their sixth sense" to find the facts, the trial court instructed the members of the jury that it was their duty to follow the court's instructions and not to be guided by what the attorneys argued to them. We find no abuse of discretion in the trial court's having dealt with the comment in this manner.

Finally, in view of the extensive evidence against the defendant, we do not believe he could have been prejudiced by either of the District Attorney's comments to which error is assigned. This assignment of error is overruled.

We find that defendant had a fair trial free from prejudicial error.

No error.

Judges CLARK and WEBB concur.