STATE OF NORTH CAROLINA v. DARRELL LEE YOUNG

No. 54

(Filed 4 March 1981)

**1. Criminal Law § 92.4— consolidation of charges against same defendant**

The trial court did not err in consolidating for trial a charge against defend-
ant for felonious escape and charges against defendant for rape, kidnapping and
larceny because evidence that defendant was serving a prison sentence for a prior
conviction was allowed to be presented to the jury, since the events giving rise to
the four charges against defendant all took place within a thirty minute time
period and were so closely connected in time and place that they constituted
separate segments of a continuing program of action by defendant, and since
even if the escape charge had not been consolidated with the other charges,
evidence that defendant had just escaped from a road crew consisting of prison
inmates would have been relevant and admissible in defendant's trial on the other
charges.

**2. Criminal Law § 91— delay between arrest and trial — Speedy Trial Act**

Defendant's rights under the Speedy Trial Act were not violated by the lapse
of more than 120 days between his arrest and trial where defendant was brought
to trial only 77 days after he was indicted.

**3. Criminal Law § 34— nonresponsive testimony disclosing prior crime —
instruction by court — harmless error**

In a prosecution for rape, kidnapping and larceny, the trial court did not err
in the denial of defendant's motion for a mistrial made because a witness's
unresponsive answer to a question by defense counsel disclosed that defendant
had committed a prior murder where the trial judge immediately instructed the
jury not to consider the witness's statement, and where the evidence of defend-
ant's guilt was overwhelming and uncontradicted.

DEFENDANT appeals from judgment of *Rousseau, J.*, entered
at 28 April 1980 Criminal Session of Superior Court, ALEXANDER
County.

Defendant was tried upon indictments, proper in form, with
kidnapping, felonious larceny, second degree rape, and felonious
escape. The jury found defendant guilty on each charge. From the
trial court's judgment sentencing him to life imprisonment for
second degree rape, ten years imprisonment for felonious larceny,
one year imprisonment for felonious escape, and not less than fifty
years nor more than life imprisonment for kidnapping, defendant
appeals as a matter of right pursuant to G.S. 7A-27(a). We allowed
defendant's motion to bypass the Court of Appeals on the offenses of
kidnapping, felonious larceny, and felonious escape on 5 November

1980.

The State's evidence tended to show that on 24 October 1979 defendant was an inmate at the Davidson County Prison Unit near Lexington, North Carolina, serving a prison sentence for felonious breaking and entering and second degree murder. At approximately 9:00 a.m. on that day defendant was working as a member of a road crew whose task was to repair road pavement. Defendant requested and obtained permission from his foreman to enter the woods nearby in order to relieve himself.

Prosecuting witness Mrs. Stella Ivey testified that her door bell rang a few minutes after 9:00 a.m. on 24 October 1979, and that upon opening the door she observed a man whom she identified at trial as defendant. Mrs. Ivey stated that defendant jerked the screen door open and forced his way into the house, saying that he wished to use the telephone. He then put one hand over her mouth and the other around her throat, dragged her to a couch and raped her. Subsequently, defendant bound Mrs. Ivey's wrists, gagged her, and took her billfold and car keys. He attempted to pull Mrs. Ivey out of the door and towards her Oldsmobile automobile, but she escaped and ran down the road toward the group of men working on the pavement. She reported the incident to the foreman of the work crew, and law enforcement officers were summoned. A medical examination was conducted and spermatoza was found in Mrs. Ivey's vagina.

The foreman of the work crew and another State Department of Transportation employee testified that approximately twenty minutes after defendant was given permission to relieve himself on the morning of 24 October 1979, they heard Mrs. Ivey scream for help and observed her running from her house toward the work crew. They saw an Oldsmobile automobile backing out of Mrs. Ivey's driveway and recognized defendant as the driver. Both witnesses stated that Mrs. Ivey's lip was bleeding and that her arms appeared to have friction burns on them.

Mrs. Ivey's husband testified that on 24 October 1979 he owned a 1978 Oldsmobile Cutlass automobile, with an approximate fair market value of $5,000.00, which was taken on that date without his permission or consent.

Defendant presented no evidence in his behalf.

*Charles H. Harp II for defendant-appellant.*

*Attorney General Rufus L. Edmisten by Associate Attorney Lisa Shepherd for the State.*

COPELAND, Justice.

Defendant argues four assignments of error on appeal. We have carefully considered each assignment and conclude that the trial court committed no error which would entitle defendant to a new trial.

**[1]** Defendant first contends that the trial court erred in granting the State's motion to consolidate the charges against him for trial. G.S. 15A-926(a) provides that:

"Two or more offenses may be joined . . . for trial when the offenses . . . are based on . . . a series of acts or transactions connected together or constituting parts of a single scheme or plan."

It is well established that the decision to consolidate charges is within the discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion. *State v. Greene,* 294 N.C. 418, 241 S.E. 2d 662 (1978), *State v. Irick,* 291 N.C. 480, 231 S.E. 2d 833 (1977). In determining whether an accused has been prejudiced by joinder, "[t]he question is whether the offenses are so *separate in time and place* and *so distinct in circumstances* as to render a consolidation unjust and prejudicial to defendant." *State v. Powell,* 297 N.C. 419, 428, 255 S.E. 2d 154, 160 (1979). *See also State v. Greene, supra; State v. Johnson,* 280 N.C. 700, 187 S.E. 2d 98 (1972). Defendant does not contend that the events giving rise to the charges against him were so separate in time, place, and circumstances that he was prejudiced by having to defend the charges in one action. Instead, he argues that by consolidating the charge of felonious escape with the other charges against him, the trial judge allowed evidence of the fact that defendant was serving a prison sentence for a prior conviction to be presented to the jury, which prejudiced the jurors against him and prevented him from obtaining a fair trial. We find defendant's contention without merit. The events giving rise to the four charges against defendant all took place within a thirty minute time period and were so closely connected in time and place that they constituted separate segments of a continuing program of action by defendant. Even had the escape

charge not been consolidated with the other charges, evidence that defendant had just escaped from a road crew consisting of prison inmates would have been relevant and admissible in defendant's trial on the other charges. *See State v. Frazier*, 280 N.C. 181, 185 S.E. 2d 652 (1972). We find that the trial judge's decision to consolidate charges was consistent with the guidelines set forth in G.S. 15A-926(a) and did not constitute an abuse of discretion. Defendant's assignment of error is overruled.

[2] By his second assignment of error, defendant complains that the lapse of time between his arrest on 24 October 1979 and the commencement of trial on 28 April 1980 resulted in a denial of his right to speedy trial. The time limitations pertaining to defendant's trial are set forth in G.S. 15A-701 (a1)(1), which mandates that defendant be brought to trial "[w]ithin 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs last." Defendant was indicted on 11 February 1980 and brought to trial on 28 April 1980, 77 days later and clearly well within the statutory time limit. Defendant's argument that the lapse of more than 120 days between his arrest and the date of trial violated the "spirit" of the statute is without merit.

[3] Defendant next alleges that the trial court erred in denying his motion for a new trial. Specifically, defendant argues that an unresponsive answer given by State's witness Stella Ivey was so prejudicial to his defense that instructions by the trial judge to ignore the answer were insufficient to negate the adverse effects of the statement, therefore a new trial is required. The unresponsive answer objected to by defendant was given during recross examination by the attorney for defendant as follows:

"Q. Did he try to choke you?

A. No, except when he choked me getting me to the couch.

Q. Didn't say anything to you about he was going to kill you or beat you up?

A. Just kept telling me to be quiet and do what he told me to do.

Q. To be quiet and do what he told you to do?

A. At that time I didn't know he had done killed another person.

Objection by Mr. Harp.

COURT: Disregard anything she thought he might have done before; disregard that last remark from your deliberation."

It is true that where a defendant does not testify as a witness and does not offer evidence of his good character, the State may not present evidence of his bad character, including the fact that he was convicted of an unrelated criminal offense. *State v. Fulcher,* 294 N.C. 503, 243 S.E. 2d 338 (1978); *State v. Jarrette,* 284 N.C. 625, 202 S.E. 2d 721 (1974), *death penalty vacated* 428 U.S. 903, 96 S. Ct. 3205, 49 L.Ed. 2d 1206 (1976). However, where evidence of defendant's prior conviction comes before the jury in the form of an unresponsive answer to a question propounded by defendant, and the trial judge immediately instructs the jury not to consider the statement, a new trial is not automatically required. *State v. Jarrette, supra.* In this case, the evidence of defendant's guilt was overwhelming and uncontradicted.

"Where there is abundant evidence to support the main contentions of the state, the admission of evidence, even though technically incompetent, will not be held prejudicial when defendant does not affirmatively make it appear that he was prejudiced thereby or that the admission of the evidence could have affected the result." *State v. Williams,* 275 N.C. 77, 89, 165 S.E. 2d 481, 489 (1969).

Defendant presented no evidence that would raise a reasonable possibility that the jury would have reached a different result had the unresponsive answer not been given. Under the circumstances of this case, we find that any prejudicial effect of Mrs. Ivey's answer was cured by the trial judge's instructions to the jury to disregard the statement. The trial judge did not abuse his discretion in failing to grant defendant's motion for a new trial.

Defendant concedes that his fourth assignment of error is without merit, therefore we consider this exception abandoned in accordance with Rule 28(b)(3) of the North Carolina Rules of Appellate Procedure.

Defendant received a fair trial free from prejudicial error and we find

No error.