STATE OF NORTH CAROLINA v. CLINTON BROOKS

No. 811SC1366

(Filed 20 July 1982)

**1. Criminal Law §§ 165, 170— remarks by trial court—absence of objection—curative instructions**

    No question as to error in the trial court's preliminary remarks to the jury was presented where defendant failed to object or except to the remarks. Furthermore, any error in the preliminary remarks was cured by the court's curative instructions.

**2. Arson § 4.1— burning of uninhabited dwelling—sufficiency of evidence**

    The State's circumstantial evidence was sufficient for the jury in a prosecution for the burning of an uninhabited dwelling.

**3. Criminal Law § 116— failure of defendant to testify—absence of instruction**

    The trial court did not err in failing to instruct the jury regarding defendant's failure to testify absent a special request for such an instruction.

APPEAL by defendant from *Small, Judge.* Judgment entered 1 September 1981 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 7 June 1982.

Defendant appeals his conviction under N.C.G.S. 14-62, the burning of an uninhabited dwelling.

At trial, defendant's stepmother testified that her stepson told her he was going to burn down a house located near their home. The house in question was situated on forty acres of land belonging to the Carolina-Virginia Amusement Corporation. It was in poor condition and had been uninhabited for approximately a year.

Verlivia Lee testified that on 3 March 1981, while looking out her kitchen window, she had occasion to see the defendant walking across the field toward the vacant house. She had known the defendant all his life. She called out to him and asked him where he was going. He responded "over here" and continued toward the house. He was carrying a rifle. Defendant disappeared behind the house for a short time and then reappeared "running real fast" toward his own home. Midway across the field he stopped running and looked back, and at this point Ms. Lee noticed flames coming from the house. She called and reported the fire.

An officer from the Elizabeth City Fire Department testified that upon investigation, it was his opinion that the fire had been deliberately started in the kitchen by igniting a pile of debris.

*Attorney General Edmisten by Assistant Attorney General David Gordon, for the State.*

*William T. Davis, for the defendant.*

MARTIN (Robert M.), Judge.

Defendant first contends that the trial court committed prejudicial error in "making preliminary remarks to the prospective jurors." The assignment of error is based on the following dialogue.

> COURT: Members of the Jury, in this case the State is the plaintiff, and Clinton Brooks is the defendant. Clinton Brooks sit over here at the counsel table on your left, in the blue shirt. He is represented in this case by Mr. William T. Davis, a member of the Pasquotank County Bar, some people may know him as Tim Davis. The State is represented by Mr. Michael Johnson, a member of the staff of the District Attorney. There are two charges against the defendant, they have been consolidated for trial as a matter of convenience—

MR. JOHNSON: Your Honor, we do not intend to consolidate the two charges, we are just calling the burning case.

COURT: Oh, I'm sorry, I was given two files, and I didn't know. There is one charge against the defendant, disregard my statement to you that there was a second charge, that should have no bearing on your decision in this case.

[1]  No objection or exception was taken to the "remarks." Assignments of error must be based upon exceptions duly noted in the record in order for the issue to be preserved for consideration on appeal. *State v. Lampkins,* 283 N.C. 520, 196 S.E. 2d 697 (1973). In addition to this procedural deficiency, we find that the trial judge's curative instructions fully protected the defendant against any consideration the jury might have given to the remarks. *State v. Siler,* 292 N.C. 543, 234 S.E. 2d 733 (1977). Defendant has failed to show that the effect of the remarks affected the outcome of his trial. *State v. Young,* 302 N.C. 385, 275 S.E. 2d 429 (1981).

[2]  At the close of the State's evidence, defendant moved for a dismissal. Defendant assigns as error the denial of this motion, arguing that there was no direct evidence that he was responsible for setting the fire. "Circumstantial evidence, or evidence of facts from which other matters may be fairly and sensibly deduced, is competent evidence, and is properly considered in passing on a motion for nonsuit." *State v. Snead,* 295 N.C. 615, 618, 247 S.E. 2d 893, 895 (1978). We find the evidence, albeit circumstantial, was sufficient to take the case to the jury. *Id.*

[3]  Finally, defendant argues that the court erred in failing to instruct on defendant's failure to testify. Defendant did not request the instruction and absent a special request, the court is not required to so instruct. *State v. Warren,* 292 N.C. 235, 232 S.E. 2d 419 (1977).

No error.

Chief Judge MORRIS and Judge BECTON concur.