STATE OF NORTH CAROLINA v. LANCE KOBERLEIN

No. 821SC299

(Filed 18 January 1983)

1. Criminal Law § 91— speedy trial—dismissal due to unavailability of prosecuting witness—time runs from new charges

Where the charges against defendant were dismissed once due to the unavailability of a prosecuting witness at the probable cause hearing, the period for computation of the time within which defendant's trial must have been commenced under G.S. 15A-701(a1)(3) began to run from the last of certain listed events relating to the new charges rather than the original charges.

2. Criminal Law § 91— speedy trial—last relevant event as return of indictment and not post-indictment arrest

Where charges against defendant were dismissed once and then brought again, the last relevant event with regard to speedy trial purposes was when the new indictment was returned and not the post-indictment arrest. Since defendant was not brought to trial within 120 days following the new indictment, the case must be remanded for a determination pursuant to G.S. 15A-703, as to whether a dismissal with or without prejudice was warranted. G.S. 15A-701(a1)(1) and (3), G.S. 15A-612(b).

APPEAL by defendant from *Small, Judge.* Judgment entered 10 December 1981 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 13 October 1982.

Defendant Lance Koberlein was convicted of common law robbery and assault with a deadly weapon with intent to kill resulting in serious bodily injury. From the verdict and judgment, defendant appeals.

*Attorney General Edmisten, by Associate Attorney General Michael Rivers Morgan, for the State.*

*Twiford, Derrick & Spence, by Russell E. Twiford, for defendant appellant.*

JOHNSON, Judge.

Defendant assigns error to the trial court's denial of his motion to dismiss the charges with prejudice due to the State's failure to provide him a speedy trial in accordance with G.S. 15A-701.

The charges against defendant were dismissed once and then brought again. With regard to the commencement of trial, G.S. 15A-701(a1)(3) provides in pertinent part:

When a charge is dismissed, other than under G.S. 15A-703 or a finding of no probable cause pursuant to G.S. 15A-612, and the defendant is afterwards charged with the same offense . . . then within 120 days from the date that the defendant was arrested, served with criminal process, waived an indictment, or was indicted, whichever occurs last, for the original charge.

On 9 September 1980 warrants were issued for the arrest of the defendant Lance Koberlein for common law robbery and assault with a deadly weapon with intent to kill. These warrants were executed on 24 February 1981 by the arrest of defendant. A first appearance was held the next day. On 25 March 1981 the charges were dismissed because of the failure of the prosecuting witness to appear at the probable cause hearing. On 30 March 1981 defendant was charged by indictment for the same offenses.

An order for arrest pursuant to G.S. 15A-305 was issued.[1] Defendant was then arrested upon the indictments on 23 September 1981. Defendant was brought to trial on 7 December 1981. In all, 285 days elapsed between defendant's initial arrest and trial, 250 days elapsed between indictment and trial, and 74 days elapsed between his post-indictment arrest and trial.

Defendant argues first that the relevant event to start the 120 day period is his initial arrest on 24 February 1981, and second, even if earlier periods are excluded, any reasonable interpretation of G.S. 15A-701 must result in the 120 day period beginning not later than 30 March 1981, the date of defendant's indictment. Defendant's position is that under either theory more than 120 days passed between the last relevant event listed in G.S. 15A-701(a1)(3). Therefore, he is entitled to a dismissal of the charges with prejudice. The State contends that the last event was the post-indictment arrest of defendant on 23 September 1981, which occurred only 74 days prior to his trial. Accordingly, the State argues that the trial was commenced well within the statutory 120 day limit.

I

[1] The first portion of defendant's argument raises an issue of first impression under G.S. 15A-701(a1)(3). The issue is whether the 120 day period begins to run from the last event relative to the original charges or the last event relative to the new charges, when charges are dismissed for reasons other than a finding of no probable cause pursuant to G.S. 15A-612 or dismissed pursuant to G.S. 15A-703. Defendant maintains that under G.S. 15A-701(a1)(3) when the charges were dismissed for the State's failure to proceed with the probable cause hearing and defendant was afterwards indicted for the same offenses, the applicable time period should have been 120 days from the date the defendant was arrested and served with criminal process on the original charges.

Defendant urges a very literal reading of G.S. 15A-701(a1)(3) upon this Court. A similar literal interpretation of the statute where charges for the same offense were reinstituted after a find-

---

1. G.S. 15A-305(b)(1) provides in part that an order for arrest may be issued when a grand jury has returned a true bill of indictment against a defendant who is not in custody, to answer to the charges in the bill of indictment.

ing of no probable cause was rejected in *State v. Boltinhouse,* 49 N.C. App. 665, 272 S.E. 2d 148 (1980). This Court noted that insertion of the phrase "or a finding of no probable cause pursuant to G.S. 15A-612," by amendment, rendered the statute ambiguous and subject to the literal interpretation for which the defendant contended, to wit, that the events relative to the original dismissed charges were the relevant measuring events. Such an interpretation would conflict with the clear intent of G.S. 15A-612(b) to permit subsequent prosecution for the same offense where a finding of no probable cause has been entered by imposing an impossibly short time limit upon the State in which to reinstitute the charges in many cases. Therefore, the defendant's interpretation was rejected in favor of the following interpretation:

> [W]hen a finding of no probable cause is entered pursuant to G.S. 15A-612, the computation of time for the purpose of applying the Speedy Trial Act commences with the last of the listed items ('arrested, served with criminal process, waived an indictment, or was indicted') *relating to the new charge rather than the original charge.* (Emphasis added.)

49 N.C. App. at 667, 272 S.E. 2d at 150.

We find no practical distinction between dismissal based upon the State's failure to proceed with a probable cause hearing because of the unavailability of the prosecuting witness and a finding of no probable cause for the purposes of computing the time limit under G.S. 15A-701(a1)(3). Therefore, we hold that the period for computation of the time within which trial must be commenced under G.S. 15A-701(a1)(3) began to run from the last of the listed events relating to the new charges rather than the original charges.

## II

[2] The next issue presented is whether the last event in the relevant sequence is the indictment returned on 30 March 1981 as the defendant contends, or the post-indictment arrest on 23 September 1981 as the State contends. Again, this Court is presented with an issue of first impression. A number of cases have addressed the issue of whether the 120 day period under G.S. 15A-701(a1) begins with the *initial arrest* upon a warrant or with the indictment of the defendant.

In *State v. Young*, 302 N.C. 385, 275 S.E. 2d 429 (1981) the Supreme Court held that the lapse of more than 120 days between the defendant's arrest and the date of trial did not violate the statute where only 77 days elapsed between the date of defendant's subsequent indictment and trial.

In *State v. Rice*, 46 N.C. App. 118, 264 S.E. 2d 140 (1980) the time span from arrest to trial was 188 days, with 133 days between service of the warrant for arrest and date of indictment. Only forty-nine days elapsed from indictment to trial. The last of the items specified in G.S. 15A-701(a1)(1) to occur was found to be the indictment.[2] Therefore, the trial held forty-nine days later met the 120 day time frame of the statute.

In *State v. Boltinhouse, supra,* the defendant was arrested pursuant to a warrant issued 24 May 1979. On 5 September 1979 a finding of no probable cause was entered on the charge. On 24 September 1979 the defendant was indicted for the same offense. The trial commenced 7 January 1980, 105 days after the return of the indictment and 122 days after his initial arrest.

> Construing the ambiguous language of G.S. 15A-701(a1)(3) in light of the clear intent of G.S. 15A-612(b), we find that the period for computation of the time within which trial must be commenced under G.S. 15A-701(a1)(3) began to run from the date of defendant's indictment on the new charge rather than from the date of his arrest on the 'original charge,' as he contends. The 24 September 1979 indictment of defendant thus constituted the last in the relevant sequence of events.

49 N.C. App. at 668, 272 S.E. 2d at 150.

A similar sequence of events was presented in *State v. Charles*, 53 N.C. App. 567, 281 S.E. 2d 438 (1981). The defendant was arrested on or about 14 August 1979. After 120 days passed the defendant moved to dismiss because the State, without a valid reason, had failed to accord him a speedy trial. Subsequently, the defendant was indicted on 8 January 1980. The defendant's motion was not heard until 10 April 1980 and it was then denied.

---

2. G.S. 15A-701(a1)(1) provides that trial shall begin "[w]ithin 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs last." Subdivision (1) applies to cases where the defendant is brought to trial upon the original, and not the new, set of charges.

State v. Koberlein

The trial itself began on 10 April 1980, well within the 120 days of return of the indictment against the defendant. The denial of the defendant's speedy trial motion was affirmed. This Court reviewed the legislative history of G.S. 15A-701(a1)(1) and noted that the original Bill providing that the first of the enumerated events would start the 120 days, had been specifically amended to provide that the *last* of the occurring events would be used to measure the 120 days. In the course of its discussion this Court recognized that under the provisions of G.S. Chap. 15A, Art. 17, Criminal Process, while arrest may precede indictment in some cases, in others indictment may precede arrest and then concluded that in view of the legislative history the 120 days would run from whichever event occurred last ("arrested, served with criminal process, waived an indictment, or was indicted"). 53 N.C. App. at 571, 281 S.E. 2d at 44. In *Charles* the last occurring event in the criminal process chain leading from the initial arrest to the trial was found to be the return of the bill of indictment.

The observation made in *Charles* would appear at first glance to determine the issue presented in the case *sub judice*. However, upon closer scrutiny we do not believe that it is determinative. As the arrest preceded the indictment in *Charles*, the statement is not necessary to the outcome and is, therefore, *dicta*.

In each of the above cases when faced with the choice of initial arrest upon a warrant or return of a true bill of indictment, our courts have held the last relevant event in the enumerated chain of events to be the return of a true bill of indictment against the defendant. In addition, in each case the defendant's trial was commenced within 120 days after the indictment. In the case *sub judice*, the original arrest upon a warrant was executed relative to the original charges. In Part I of this decision we held that events relative to the original dismissed charges would no longer be considered "relevant" under G.S. 15A-701(a1)(3) where the State had failed to proceed with the probable cause hearing. Hence, we are confronted with the choice of either the date of indictment or the date of execution of the order of arrest upon the indictment as the starting event under the statute.

As we read the statute and the cases previously decided thereunder, the "arrest" referred to in subdivisions (1) and (3) of G.S. 15A-701(a1) must relate to the arrest upon a warrant prior to

indictment. A literal reading of the phrase "arrested, served with criminal process, waived an indictment, or was indicted, whichever occurs last" to include the arrest upon the indictment as urged by the State, would afford the State tremendous opportunity to defeat the express purpose of the Act in expediting the trial of cases by allowing it unfettered discretion in obtaining an order to arrest subsequent to indictment. The potential for undue delay is particularly present in cases governed by subdivision (3) of G.S. 15A-701(a1) in cases where the relevant events are those relating to the new charges rather than the original charges. Very often in such cases, as in the case under discussion, long periods of time will pass between the time of the offense, the initial arrest and the ultimate trial for that offense. Therefore, we hold that the return of a true bill of indictment on 30 March 1981 is the relevant last occurring event in the chain of criminal process in this case. The defendant was not responsible for any part of the subsequent delay and the State offers no justification for its failure to bring defendant to trial within the 120 days following the indictment. In view of the fact that defendant was not brought to trial within the statutory period, this case must be remanded for a determination pursuant to G.S. 15A-703, as to whether a dismissal with or without prejudice is warranted.

Reversed and remanded.

Chief Judge MORRIS and Judge BECTON concur.