State v. Lefever

---

STATE OF NORTH CAROLINA v. JEFFREY JOE LEFEVER

No. 8325SC887

(Filed 3 April 1984)

1. **Bills of Discovery § 6— recorded conversation between prosecutrix and police officer—no pretrial discovery**

The trial court in a rape case did not err in the denial of defendant's pretrial motion for discovery of a recorded conversation between the prosecutrix and a police detective. G.S. 15A-903; G.S. 15A-904(a).

2. **Criminal Law § 91— indictment after finding of no probable cause—beginning of speedy trial period—exclusion of time after voluntary dismissal**

Where defendant was arrested for rape on 23 July 1982, a finding of no probable cause was entered on 16 August, defendant was indicted for rape on

30 August, and an order of arrest and bill of indictment were served on defendant on 10 September, the statutory speedy trial period began to run when defendant was arrested and served with the bill of indictment on 10 September. Furthermore, the time between the State's taking of a voluntary dismissal of the rape charge on 18 November 1982 until he was arrested on 25 February 1983 after being reindicted for such offense was properly excluded from the statutory speedy trial period pursuant to G.S. 15A-701(b)(5). G.S. 15A-701(a1)(1) and (3).

3. **Constitutional Law § 51— delay between indictment and trial—no denial of constitutional right to speedy trial**

Defendant's constitutional right to a speedy trial was not violated by a delay of 224 days between the date of the indictment for rape and the commencement of the trial.

4. **Criminal Law § 102.8— statements by prosecutor—no comment on failure to testify**

The prosecutor's jury argument in a rape case that the evidence was "uncontradicted" and that there had "not been any evidence you have heard but what you find she has told you the truth" did not constitute an improper comment on defendant's failure to testify.

5. **Criminal Law § 99.1— failure to recapitulate evidence—no expression of opinion**

The trial court in a rape case did not express an opinion on the evidence when it denied defense counsel's request to recapitulate evidence regarding testimony by the prosecutrix that she removed her own clothing, especially where the trial court emphasized to the jury that it had not summarized all of the evidence and that it was the duty of the jury to remember all the evidence.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 13 April 1983 in Superior Court, CALDWELL County. Heard in the Court of Appeals 14 February 1984.

Defendant was indicted for second degree rape, found guilty by a jury and sentenced to 12 years. Defendant appeals his conviction.

*Attorney General Edmisten, by Special Deputy Attorney General Davis S. Crump, for the State.*

*Whisnant, Simmons & Groome, by H. Houston Groome, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant brings forward assignments of error regarding (1) the State's failure to provide discovery of a statement by the prosecuting witness, (2) the denial of a defendant's motion to dismiss for a speedy trial violation, (3) the admission of evidence over defendant's objections, (4) the State's closing argument to the jury and (5) the jury charge. For the reasons that follow, we find no error in the trial.

Evidence for the State tends to show that on the evening of 23 July 1982, the prosecuting witness decided to drive around Lenoir after visiting her mother in the hospital. She ran over some wood in the road, and parked her car at Hardee's to check for damage. While she was examining her car, defendant and a male companion drove up in a pickup truck. Defendant asked the prosecuting witness if she needed help. He then invited her to a party at his house. The prosecuting witness got in the truck and drove away with the defendant and his companion. The defendant dropped his companion off and proceeded to his house. Upon arrival, the prosecuting witness noticed that the house was dark. She hesitated, but went inside with defendant. The defendant picked her up, carried her to a bedroom and began making advances. She started screaming and told him to let her go. Defendant finally agreed to return the prosecuting witness to her car. As the two were driving back to Hardee's, defendant stopped the truck and pinned the prosecuting witness to the seat. He jerked her pants off and had sexual intercourse with her against her will. Defendant then drove the prosecuting witness to her car. Within hours after the alleged crime, the prosecuting witness was examined by a physician. He confirmed that she had recently had sexual intercourse.

Defendant did not testify. Through cross-examination, however, he elicited testimony that the prosecuting witness voluntarily left Hardee's with him; and that the examining physician's findings were not inconsistent with consensual intercourse.

[1] Defendant first argues that the trial court erred in denying his pretrial motion for discovery of a recorded conversation between the prosecuting witness and a detective with the Lenoir Police Department. Defendant contends that this document was relevant because it "contains contradictory statements and ut-

terances suggestive of consensual intercourse between herself
(the prosecuting witness) and the Defendant." The defendant fur-
ther points out that the trial judge failed to make findings of fact
when ruling on the motion for discovery of the prosecuting wit-
ness's statement as required by *State v. Hardy,* 293 N.C. 105, 235
S.E. 2d 828 (1977).

In *Hardy,* the North Carolina Supreme Court established the
procedure whereby a judge must order an in-camera inspection
and make appropriate findings of fact where defendant makes a
request at trial for disclosure of evidence in the State's posses-
sion, such as a statement of the prosecuting witness. If the judge
rules against the motion for discovery, he should order the docu-
ment sealed and placed in the record for appellate review. This
procedure does not apply here where defendant's *pretrial* motion
for discovery was denied.

The trial court's denial of defendant's pretrial motion for
discovery is dictated by statute. G.S. 15A-904(a) restricts pretrial
discovery of a statement by a State's witness except as provided
in G.S. 15A-903. G.S. 15A-903(f)(1) provides that no statement
made by a State's witness and in possession of the State "shall be
the subject of subpoena, discovery, or inspection until that
witness has testified on direct examination in the trial of the
case." Subsection (2) of this statute provides: "After a witness
called by the State has testified on direct examination, the court
shall, on motion of the defendant, order the State to produce any
statement of the witness in the possession of the State that
relates to the subject matter as to which the witness has testi-
fied." If the State claims that the statement contains matter not
relating to the witness's testimony, then the trial court shall
make an in-camera inspection of the statement. G.S. 15A-903(f)(3).

The record before us reveals that prior to trial the court
examined the prosecuting witness's statement and ruled that
the defendant was not entitled to the statement pursuant to the
Rules of Criminal Procedure under G.S. 15A. As shown, the
court's ruling was dictated by G.S. 15A-903 in conjunction with
G.S. 15A-904. The record further shows that after the prosecuting
witness testified at trial, the defendant failed to move for produc-
tion of the statement or an in-camera inspection. Such an inspec-
tion was, therefore, not required. *See State v. Miller,* 61 N.C.

App. 1, 300 S.E. 2d 431 (1983). The trial judge, nevertheless, in-spected the statement before ruling on the motion for discovery. He then sealed the excluded document and preserved it in the record. This Court has reviewed the statement and finds no sub-stantial inconsistency in this statement and the prosecuting witness's testimony at trial. In this assignment of error we find no error.

**[2]** Prior to trial defendant also moved to dismiss the charge for failure of the State to provide him a speedy trial. The trial court denied this motion and defendant now assigns error.

In its order the court found that defendant was arrested for second degree rape on 23 July 1982. On 16 August 1982 a finding of no probable cause was entered on the charge. On 30 August 1982 defendant was indicted for second degree rape. An order of arrest and bill of indictment were served on defendant on 10 September 1982. On 18 November 1982 the State took a voluntary dismissal because of insufficient evidence as to the issue of con-sent. Defendant was reindicted for the same offense on 21 Feb-ruary 1983. The bill of indictment and order of arrest were served on 25 February 1983. The matter was called for trial on 11 April 1983. The trial court further found:

> 9) That the Speedy Trial time commenced with the serv-ice of the Bill of Indictment upon defendant on September 10, 1982, in case 82-CRS-7125;

> 10) That the period of time from November 18, 1982, un-til February 21, 1983 would be excluded from computation of the time within which defendant should have been tried un-der the provisions of the Speedy Trial Act.

> 11) That 120 days including excludable periods of time has not elapsed since service of the Bill of Indictment (in case 82-CRS-7125) on September 10, 1982.

Both the present law and the evidence in the record support the order denying defendant's motion to dismiss for failure to comply with the Speedy Trial Act. The Act requires that the trial of a criminal defendant must begin "within 120 days from the date the defendant is arrested, served with criminal process, waives an indictment or is indicted, whichever occurs last. . . ." G.S. 15A-701(a1)(1). G.S. 15A-701(a1)(3), as interpreted by this Court, implies that when a charge is dismissed as a result of a

finding of no probable cause and defendant is later indicted for the same offense or for an offense based on the same act or transaction, the 120 days commences from the last of the listed items ("arrested, served with criminal process, waived an indictment, or was indicted") relating to the new charge rather than the original charge. *State v. Boltinhouse*, 49 N.C. App. 665, 272 S.E. 2d 148 (1980).

Defendant argues that pursuant to this Court's holding, in *State v. Koberlein*, 60 N.C. App. 356, 299 S.E. 2d 444 (1983), his indictment on 30 August 1982 after no probable cause had been found, and not his post-indictment arrest on 10 September 1982 began the running of the 120-day period. He argues that his trial therefore began beyond the 120-day limit. Since defendant's appeal, the North Carolina Supreme Court has reversed and remanded our decision. *State v. Koberlein*, 309 N.C. 601, 308 S.E. 2d 442 (1983). The Court interpreted subsections (1) and (3) of G.S. 15A-701(a1) to mean that the time limits would begin to run from the named event occurring "*last in fact.*" *Id.* at 605, 308 S.E. 2d at 445.

The record indicates that the event occurring "last in fact" was defendant's post-indictment arrest on 10 September 1982. There also appears to be supporting authority for the trial court's finding that the speedy trial process began with service of the bill of indictment on the same date. In *State v. Graham*, 309 N.C. 587, 308 S.E. 2d 311 (1983), the Court discussed the meaning of "criminal process" and noted that in terms of the Speedy Trial Act the Legislature chose "to begin the time running upon *service* of criminal process rather than when the criminal process begins." *Id.* at 590, 308 S.E. 2d at 314. When defendant was served with the bill of indictment on 10 September 1982, he was therefore "served with criminal process" pursuant to G.S. 15A-701(a1)(1) and the speedy trial process began.

Application of the foregoing statutory and case law to the evidence here shows that the last relevant event with regard to the Speedy Trial Act began on 10 September 1982, the date defendant was arrested and served with the bill of indictment. The trial on 11 April 1983 ended the time limit. When the time from the voluntary dismissal on 18 November 1982 to defendant's subsequent arrest on 25 February 1983 is excluded from the period

beginning 10 September 1982 and ending 11 April 1983 as provided by G.S. 15A-701(b)(5), we calculate that defendant's trial began 114 days from the last listed events relating to the new charge.

[3] We also find no merit to defendant's assertion that his constitutional right to a speedy trial was violated. Even if the statutory time is calculated from defendant's indictment on 30 August 1982, and the period from the voluntary dismissal to defendant's subsequent arrest is considered in our calculation, only 224 days elapsed from the date of indictment until commencement of trial. This Court has found that 319 days from the date of indictment until the date of trial is not a sufficient time, standing alone, to constitute "unreasonable or prejudicial delay." *State v. Hartman,* 49 N.C. App. 83, 86, 270 S.E. 2d 609, 612 (1980). Furthermore, defendant has failed to show that the delay was caused by neglect or willfulness on the part of the State, or that he has been prejudiced by the delay. Defendant did not assert his constitutional right to a speedy trial until the first day of his trial, thus making it difficult to prove that he was denied a speedy trial. *See State v. Moore,* 51 N.C. App. 26, 275 S.E. 2d 257 (1981).

Defendant has failed to show that he was denied either his constitutional or statutory right to a speedy trial.

Defendant's next six assignments of error involve the admission of evidence by the State's witness over defendant's objections. We have carefully reviewed each assignment of error and find no prejudicial error.

[4] In his closing argument to the jury the prosecutor commented several times that the evidence was "uncontradicted." He further commented, "There has not been any evidence you have heard but what you find she has told you the truth." Defendant objected to these statements and moved for a mistrial. The trial court denied the objections and motion for mistrial. Defendant now argues that the prosecutor's statements constituted improper comments on defendant's failure to testify.

The North Carolina courts have taken the position "that a bare statement to the effect that the State's evidence is uncontradicted is not an improper reference to the defendant's failure to testify. (Citations omitted.)" *State v. Smith,* 290 N.C. 148, 168,

226 S.E. 2d 10, 22, *cert. denied,* 429 U.S. 932 (1976). We deem it unlikely that the jury would have so interpreted the comments here. Under these circumstances, we find no prejudicial error.

[5]   We also find no error in the trial court's charge to the jury. Defendant contends that the court expressed an opinion on the evidence when it denied defense counsel's request to recapitulate the evidence regarding the prosecuting witness's testimony that she removed her own clothing. This request was made after the charge. "The trial judge is not bound to recapitulate all the evidence in his charge to the jury; it is sufficient for him to direct the attention of the jury to the principal questions they have to try, and explain the law applicable thereto." *State v. Oxendine,* 300 N.C. 720, 726, 268 S.E. 2d 212, 216 (1980). The trial court here emphasized to the jury that it had not summarized all of the evidence, and that it was their duty to remember all the evidence whether it had been called to their attention or not. We find no expression of opinion by the court, particularly in light of the foregoing instruction.

Defendant received a trial free of prejudicial error.

No error.

Judges WHICHARD and BECTON concur.