STATE OF NORTH CAROLINA v. MICHAEL ANTHONY SIMPSON

No. 8226SC348

(Filed 18 January 1983)

**Criminal Law § 91— Speedy Trial Act—finding of State's failure to comply error**
> Where defendant was arrested on certain charges and, on the day set for a probable cause hearing, the State took a voluntary dismissal, and where the defendant was later indicted for the same offenses, for purposes of the Speedy Trial Act, the time should have been measured from the date the defendant was indicted. G.S. 15A-701(a1)(3), G.S. 15A-931, and G.S. 15A-612.

APPEAL by the State from *Snepp, Judge.* Order entered 5 January 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 October 1982.

The defendant was arrested on 12 July 1981 on charges of breaking or entering and first degree rape. The case was set for a probable cause hearing on 29 July 1981. There was not a probable

cause hearing but the State took a voluntary dismissal on 29 July 1981. The defendant was released from custody at that time. On 21 September 1981 defendant was indicted for the same offenses. On 4 January 1982 the defendant filed a motion to dismiss for the State's failure to comply with the Speedy Trial Act.

The court filed an order on 5 January 1982 granting the defendant's motion to dismiss. The State appealed.

*Attorney General Edmisten, by Assistant Attorney General Evelyn M. Coman, for the State.*

*Dozier, Millard, Pollard and Murphy, by W. Joseph Dozier, Jr., for defendant appellee.*

WEBB, Judge.

The State contends it was error to dismiss this case under G.S. 15A-701(a1) which provides in part:

> "Notwithstanding the provisions of subsection (a) the trial of a defendant charged with a criminal offense who is arrested, served with criminal process, waives an indictment or is indicted, on or after October 1, 1978, and before October 1, 1983, shall begin within the time limits specified below:

> *       *       *

> (3) When a charge is dismissed, other than under G.S. 15A-703 or a finding of no probable cause pursuant to G.S. 15A-612, and the defendant is afterwards charged with the same offense or an offense based on the same act or transaction or on the same series of acts or transactions connected together or constituting parts of a single scheme or plan, then within 120 days from the date that the defendant was arrested, served with criminal process, waived an indictment, or was indicted, whichever occurs last, for the original charge; . . . ."

The disposition of this case depends upon when the 120-day period commences during which time the defendant must have been brought to trial. As we read G.S. 15A-701(a1)(3), the time should have been measured from the date the defendant was indicted. The original charges against the defendant were dismissed

pursuant to G.S. 15A-931, not G.S. 15A-703 or a finding of no prob-able cause pursuant to G.S. 15A-612. The first portion of the statutory provision is satisfied. The defendant was then charged with the same offenses and was indicted on 21 September 1981. These were the only indictments issued against the defendant for these charges and their issuance was the last of those events rele-vant under the statute, to wit: arrest, service of criminal process, waiver of indictment, or indictment. The 120-day period began to run from 21 September 1981. It was error to dismiss the indict-ments on 5 January 1982, which was 106 days after the indict-ments were returned. Defendant's contention that the time should have been calculated from the date of his arrest ignores the statute's plain wording.

The State also assigns error to the court's amending its order *nunc pro tunc* and in dismissing the charges with prejudice. Since we have held it was error to enter the order, we do not discuss these assignments of error.

Reversed and remanded.

Judges HEDRICK and BECTON concur.