STATE OF NORTH CAROLINA v. JAMES WILLIAM HERALD

No. 8325SC297

(Filed 20 December 1983)

1. **Criminal Law § 91— dismissal of charges—no speedy trial violation or prejudice**

   Where the State dismissed three felony charges against defendant, any speedy trial violation or prejudice resulting from those charges no longer existed.

2. **Criminal Law § 91— voluntary dismissal of charges—no violation of speedy trial rights**

   The State's entry of voluntary dismissals of three felony charges against defendant pursuant to G.S. 15A-931 did not violate defendant's rights to a speedy trial since no indictments were left pending after the voluntary dismissals, and if the dismissed charges were later reinstated against defendant, he would then have standing to move for speedy trial relief. G.S. 15A-931; G.S. 15A-701(a1)(3).

APPEAL by defendant from *Griffin, Judge.* Order entered 4 November 1982 in Superior Court, CALDWELL County. Heard in the Court of Appeals 15 November 1983.

*Attorney General Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*W. P. Burkhimer for defendant appellant.*

ARNOLD, Judge.

The question raised by defendant is whether the trial court erred in dismissing his motion for speedy trial relief. The State raises the question of whether defendant's appeal from this order should be dismissed. Upon careful examination of the record on appeal, we conclude that dismissal of defendant's appeal is proper.

On 22 March 1982 defendant was arrested for breaking and entering with the intent to commit larceny. (82CR2091). On 11

May 1982 he was arrested for burglary. (82CR3443). Two days later defendant was arrested on a second charge of breaking and entering with intent to commit larceny. (82CR3485). As to 82CR2091 and 82CR3443, defendant waived probable cause hearings in Caldwell District Court on 13 May 1982. He waived the probable cause hearing for 82CR3485 on 14 May 1982. All three cases were ordered for trial at the next criminal term of superior court. During the May 1982 district court proceedings defendant also pleaded guilty to breaking and entering a coin operated machine and was sentenced to two years. The court further found defendant in willful violation of his probation as to a prior case and ordered that the suspended two-year sentence be activated.

On 27 October 1982, defendant, through his court appointed attorney, moved for speedy trial relief. He alleged that on 13 and 14 May 1982 he pleaded guilty to various misdemeanor charges, waived probable cause hearings on the three felony charges and agreed to plead guilty to these felonies in superior court in exchange for the State's promise that he would receive concurrent two year sentences on each charge. Defendant further alleged that the district court judge approved this plea bargain and bound defendant over to superior court; that since 14 May 1982 defendant has been in custody on the misdemeanor convictions, but has been confined to a single cell and denied parole consideration because the three felony charges are pending; that since 14 May 1982 there have been seven terms of criminal superior court in Caldwell County; that at most of these terms defendant's attorney sought to have defendant brought before the superior court for sentencing pursuant to the plea bargain and that the State has not scheduled any of these cases in superior court during the 158 days since 14 May 1982.

Defendant alleged that the State's failure to bring these charges before the court prejudiced him in that he has been denied both parole consideration and his constitutional and statutory rights to a speedy trial.

After hearing arguments of counsel and reviewing the files, the trial court dismissed defendant's motion for speedy trial relief. The court found that it was unable to find any evidence of a plea arrangement; that the district attorney for the superior court was not notified of any of the allegations set forth in de-

fendant's motion until it was filed on 27 October 1982; and that the defendant has not been indicted on the three felony charges. A stipulation was noted on this order that defense counsel had from time to time requested the District Attorney to place the matters on the calendar. The court concluded that the State had not delayed indicting defendant for any prejudicial purpose; and that defendant was not entitled to have the charges dismissed, the warrants quashed or the State enjoined from ever prosecuting him on said charges. This order was entered on 4 November 1982 and defendant gave notice of appeal in open court. Four days later the district attorney filed dismissals of the three charges and noted on each dismissal form that a bill was to be presented.

The defendant argues in his brief that he was denied his rights to a speedy trial on the felony charges because of the delay of at least 166 days from the date he was arrested until his motion was filed. G.S. 15A-701(a1)(1) of the Speedy Trial Act provides that the trial of a defendant who is arrested on or after 1 October 1978 and before 1 October 1983 shall begin "[w]ithin 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs *last*. (Emphasis supplied.)" Defendant argues that in his case the 120 days began to run on the last date he was arrested, 14 May 1982. He emphasizes that he never waived indictments and was denied parole consideration because of the State's delay in bringing him to trial.

The State responds to this argument by emphasizing that since defendant has not been indicted on the felony charges, his statutory speedy trial rights have not been violated. The State has also moved for dismissal of defendant's appeal, because an order dismissing a motion for speedy trial relief is interlocutory and subject to dismissal. *See, State v. Black,* 7 N.C. App. 324, 172 S.E. 2d 217 (1970).

[1] This Court agrees that the appeal should be dismissed. Because the felony charges were dismissed against defendant in November 1982, any speedy trial violation or prejudice resulting from these charges no longer exists. Specifically, there are no pending charges on which defendant may be tried or which would exclude him from parole consideration. This Court has also been

State v. Herald

notified by the Clerk of Superior Court in Caldwell County that these charges have not been reinstated.

[2]   We also find no basis for defendant's argument that the entries of voluntary dismissals pursuant to G.S. 15A-931 violate his rights to a speedy trial. Defendant argues that a voluntary dismissal is synonymous with the old system of "nolle prosequi with leave," which was declared unconstitutional by the United States Supreme Court. *Klopfer v. North Carolina,* 386 U.S. 213, 18 L.Ed. 2d 1, 87 S.Ct. 988 (1967).

Under a nolle prosequi with leave, the defendant was discharged without entering into a recognizance to appear at any other time. The statute of limitations remained tolled, however, with leave to reinstate the prosecution at a future date, since the indictment was not discharged. In finding this system unconstitutional the U. S. Supreme Court explained:

> The pendency of the indictment (for criminal trespass committed by participation in a civil rights demonstration) may subject him (Klopfer) to public scorn and deprive him of employment, and almost certainly will force curtailment of his speech, associations and participation in unpopular causes.

*Id.* at 222, 18 L.Ed. 2d at 7, 87 S.Ct. at 993.

Under the present system of voluntary dismissals no indictment is left pending. G.S. 15A-931. Furthermore if the dismissed charges are later reinstated against defendant, then at this point he would have standing to move for speedy trial relief and could arguably give valid reasons for relief. His speedy trial rights would be governed, in part, by G.S. 15A-701(a1)(3). *See State v. Simpson,* 60 N.C. App. 436, 299 S.E. 2d 257 (1983) (interpreting G.S. 15A-701(a1)(3)). Presently defendant has no pending charges against him, and the appeal must be

Dismissed.

Judges HILL and BRASWELL concur.