STATE OF NORTH CAROLINA v. LANCE KOBERLEIN

No. 103PA83

(Filed 3 November 1983)

1. **Criminal Law § 91— speedy trial—dismissal due to unavailability of prosecuting witness—time runs from new charges**

    When a charge is dismissed pursuant to G.S. 15A-612 as a result of a finding of no probable cause, the computation of the time for the purpose of applying the Speedy Trial Act commences with the last of the listed items (arrested, served with criminal process, waived an indictment, or was indicted) relating to the new charge rather than the original charge. Moreover, there is no practical distinction between dismissal based upon the State's failure to proceed with a probable cause hearing because of the unavailability of a prosecuting witness and dismissal based upon a finding of no probable cause, and the time within which the State was required to bring defendant to trial under the terms of the Speedy Trial Act began to run from the occurrence of the last of the listed events relating to the new charges and not the original charges. G.S. 15A-612(b).

2. **Criminal Law § 91— speedy trial—last relevant event as post-indictment arrest**

    Where charges against defendant were dismissed once and then brought again, the last relevant event with regard to speedy trial purposes was when defendant was arrested after the return of the second indictment. G.S. 15A-701(a1).

ON discretionary review of the decision of the North Carolina Court of Appeals. 60 N.C. App. 356, 299 S.E. 2d 444 (1983). Heard in the Supreme Court September 13, 1983.

The defendant was charged in bills of indictment, proper in form, with the felonies of common law robbery and assault with a deadly weapon with intent to kill resulting in serious bodily injury. He was tried before Judge Small and a jury at the December 7, 1981 Criminal Session of Superior Court, Currituck County. The defendant entered pleas of not guilty and was found by the jury to be guilty as charged in both indictments. The trial court sentenced the defendant to an active term of imprisonment for each crime. The Court of Appeals reversed and remanded the case to the Superior Court. The Supreme Court allowed the State's Petition for Discretionary Review on April 5, 1983.

*Rufus L. Edmisten, Attorney General, by Michael Rivers Morgan, Assistant Attorney General, for the State-appellant.*

*Twiford and Derrick, by Russell E. Twiford and Gary M. Underhill, Jr., for the defendant-appellee.*

MITCHELL, Justice.

The basic question for review by this Court is whether the defendant was brought to trial within the time limits established by the Speedy Trial Act, G.S. 15A-701 *et seq.* We answer this question in the affirmative, reverse the opinion of the Court of Appeals which held to the contrary and remand this case to the Court of Appeals for its consideration of the merits of the remaining issues raised by the defendant in his appeal to that Court.

The issue which this Court finds dispositive makes a recitation of the evidence presented at trial unnecessary. Warrants were issued for the arrest of the defendant Lance Koberlein on September 9, 1980 charging him with common law robbery and assault with a deadly weapon with intent to kill. These warrants were executed by the arrest of the defendant on February 24, 1981. A probable cause hearing was set for March 18, 1981. On that date the District Court allowed the State's motion to continue the probable cause hearing to allow the State the opportunity to subpoena and secure a necessary witness, Joseph Curname, alleged to be the victim of the crimes for which the defendant

was charged. The charges against the defendant were dismissed by the District Court on March 25, 1981 due to the failure of the prosecuting witness to appear at the probable cause hearing.

The defendant was indicted on March 30, 1981 for the same offenses, and an order for his arrest was issued pursuant to G.S. 15A-305. The defendant was arrested on September 23, 1981. He was brought to trial on December 7, 1981. Thus, the defendant's trial began 285 days after his initial arrest, 250 days after his indictment and 74 days after his post-indictment arrest.

[1] The defendant contends that under G.S. 15A-701(a1)(3) the State was required to bring him to trial within 120 days from the date he was arrested and served with criminal process on the original charges against him. Under G.S. 15A-701(a1)(3) the trial of a defendant charged with a criminal offense must be commenced as follows:

> When a charge is dismissed, other than under G.S. 15A-703 or a finding of no probable cause pursuant to G.S. 15A-612, and the defendant is afterwards charged with the same offense or an offense based on the same act or transaction or on the same series of acts or transactions connected together or constituting parts of a single scheme or plan, then within the 120 days from the date that the defendant was arrested, served with criminal process, waived an indictment, or was indicted, whichever occurs last for the original charge;

Although perhaps not artfully drafted, subsection (3) quoted above strongly implies by its own terms that, when a charge is dismissed pursuant to G.S. 15A-612 as a result of a finding of no probable cause, "the computation of time for the purpose of applying the Speedy Trial Act commences with the last of the listed items ('arrested, served with criminal process, waived an indictment, or was indicted') relating to the new charge rather than the original charge." *State v. Boltinhouse,* 49 N.C. App. 665 at 667, 272 S.E. 2d 148 at 150 (1980). We so hold, as to do otherwise would defeat the clearly expressed intent of the legislature that no finding made by a judge in a probable cause hearing will preclude the State from instituting a subsequent prosecution for the same offense. G.S. 15A-612(b).

Additionally, we agree with that portion of the opinion of the Court of Appeals in the present case indicating that, for purposes

of computing the time requirements imposed by the Speedy Trial Act, there is no practical distinction between dismissal based upon the State's failure to proceed with a probable cause hearing because of the unavailability of a prosecuting witness and dismissal based upon a finding of no probable cause. 60 N.C. App. at 359, 299 S.E. 2d at 446. Therefore, we hold that the time within which the State was required to bring this defendant to trial under the terms of the Speedy Trial Act began to run from the occurrence of the last of the listed events relating to the new charges and not the original charges.

[2] The defendant next contends, and the Court of Appeals held, that the "last" occurring event relating to the new charges and causing the time limits of the Speedy Trial Act to begin to run was the return of the indictments against him on March 30, 1981 and not his post-indictment arrest on September 23, 1981. The State contends that the Court of Appeals erred in so holding and that the arrest of the defendant which in fact occurred after the indictment was returned began the running of the time period within which trial must be commenced.

Subsections (1) and (3) of G.S. 15A-701(a1) each require that a defendant's trial begin within the 120 days from the date that the defendant is arrested, served with criminal process, waives an indictment, or is indicted, "whichever occurs last." The Court of Appeals held that, upon facts such as those presented by the present case, "the 'arrest' referred to in subdivisions (1) and (3) of G.S. 15A-701(a1) must relate to the arrest upon a warrant prior to indictment." 60 N.C. App. at 361-62, 299 S.E. 2d at 447.

The Court of Appeals reasoned that a literal construction of the phrase "arrested, served with criminal process, waived an indictment, or was indicted, whichever occurs last" to include an arrest upon an indictment instituting new charges would allow the State to defeat the purpose of the Speedy Trial Act. The Court of Appeals expressed concern that the State could delay the applicability of the Act in a given case by the exercise of the State's unfettered discretion to delay in obtaining an order for arrest after indictment. As a result of this reasoning, the Court of Appeals held that the return of the true bill of indictment against the defendant on March 30, 1981 and not the later arrest was "the relevant last occurring event in the chain of criminal process in

this case." 60 N.C. App. at 362, 299 S.E. 2d at 447. We disagree and conclude that this part of the opinion of the Court of Appeals is erroneous.

We believe that the concern expressed by the Court of Appeals will not be well founded in the vast majority of cases. We perceive that only in exceptionally rare cases will the State have any reason or motivation whatsoever to wish to see a defendant indicted but unarrested and free to flee the jurisdiction at will. As a general rule, it would appear that the State will instead have every reason to seek a defendant's arrest upon a warrant as soon as its investigation reveals probable cause for a warrant.

In any event, we must assume that the legislature weighed and considered fully all such policy questions prior to the adoption of the Speedy Trial Act and all amendments thereto. After having weighed all appropriate policy considerations, the legislature clearly stated in both subsections (1) and (3) of G.S. 15A-701(a1) that it is the last occurring of the listed events which will trigger the running of the 120 day measuring period under the Speedy Trial Act. Where the words of a statute have not acquired a technical meaning, they must be construed in accordance with their common and ordinary meaning unless a different meaning is apparent or clearly indicated by the context in which they are used. *Lafayette Transportation Service, Inc. v. County of Robeson*, 283 N.C. 494, 196 S.E. 2d 770 (1973). When enacting the statute under review here, we assume that the legislature intended the phrase "whichever occurs last" to have its ordinary meaning and to indicate that, of the triggering events listed in the statute, that event occurring *last in fact* will trigger the running of the 120 day period within which the defendant must be brought to trial. *See State v. Young*, 302 N.C. 385, 275 S.E. 2d 429 (1981); *State v. Charles*, 53 N.C. App. 567, 281 S.E. 2d 438 (1981).

Where, as here, the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning as adopted by the legislature. *In Re Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978). In such cases courts are without power to interpolate or superimpose provisions or limitations not contained in the statute. *Id.* Therefore, we hold that the relevant event listed in subsections (1) and (3) of G.S. 15A-701(a1) which occurred last and

triggered the running of the 120 day period of the Speedy Trial Act was the post-indictment arrest of the defendant on the new charges on September 23, 1981 and not the returning of the bill of indictment on March 30, 1981.

Only 74 days passed between the defendant's post-indictment arrest and his trial. This 74 day period was well within the 120 day requirement of the Speedy Trial Act. The opinion of the Court of Appeals holding that the defendant was not brought to trial within the 120 days allowed by the Act and reversing the trial court and remanding for a determination under G.S. 15A-703 of whether dismissal should be with or without prejudice is reversed. The case is remanded to the Court of Appeals for its consideration and determination of the remaining issues raised by the defendant in the Court of Appeals but not reached or decided there.

Reversed and remanded.