STATE OF NORTH CAROLINA v. WILLIAM ROBERT GROSS

No. 8325SC580

(Filed 7 February 1984)

**Criminal Law § 91— speedy trial—date of indictment rather than date of arrest time from which tolling of period began**

    The date of defendant's indictment rather than the date that defendant was originally arrested was the correct date to begin tolling the 120-day period for speedy trial purposes where the original charges against defendant were dismissed pursuant to G.S. 15A-931 for lack of a report from the investigating officer, rather than G.S. 15A-703 for lack of a speedy trial or under a finding of no probable cause pursuant to G.S. 15A-612. After the charges were dismissed against defendant, he was indicted for the same offense less than a month later, and the indictment returned was the only indictment issued against defendant for the charges, and of the relevant events issued by the statute, the indictment was the last to occur.

STATE appeals from *Sitton, Judge.* Judgment entered 23 March 1983 in Superior Court, CATAWBA County. Heard in the Court of Appeals 10 January 1984.

On 20 October 1982, defendant was arrested on charges of felonious breaking and entering and felonious larceny (82CRS14922). These charges were dismissed by the State on 9 February 1983 pursuant to G.S. 15A-931, with the stated reason being "no report from investigating officer—three Grand Juries have passed."

On 7 March 1983, the grand jury indicted defendant for the felonious breaking and entering of Rays Cafe and Grocery and for the felonious larceny of $43.83 in personal property from the premises (83CRS4065). The charges in 82CRS14922 are the same charges as those contained in 83CRS4065. On 21 March 1983, defendant filed a motion to dismiss for lack of a speedy trial pursuant to G.S. 15A-703. The trial court dismissed the case with prejudice on 23 March 1983. The order dismissing the case occurred some 156 days after the date of defendant's arrest and some 16 days after the date of indictment. From that order the State gave notice of appeal.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*J. David Abernethy for defendant-appellee.*

ARNOLD, Judge.

The State contends that the trial court erred in concluding that the correct date by which to begin calculating the Speedy Trial Act time limitations was 20 October 1982, the date of defendant's arrest, rather than 7 March 1983, the date of indictment. This contention is based on the language of G.S. 15A-701(a1), which provides in part:

> . . . the trial of a defendant charged with a criminal offense who is arrested, served with criminal process, waives an indictment or is indicted . . . shall begin within the time limits specified below:
>
> . . . .
>
> (3) When a charge is dismissed, other than under G.S. 15A-703 or a finding of no probable cause pursuant to G.S. 15A-612, and the defendant is afterwards charged with the same offense or an offense based on the same act or transaction . . ., then within 120 days from the date that the defendant was arrested, served with criminal process, waived an indictment, or was indicted, whichever occurs last, for the original charge.

The disposition of this case depends upon whether the 120-day period during which defendant must have been brought to trial is deemed to run from the last event relative to the original charges, namely the arrest of defendant, or the last event relative to the new charge, that being his subsequent indictment, when charges are dismissed for reasons other than a finding of no probable cause pursuant to G.S. 15A-612 or G.S. 15A-703. We agree with the State that the date of defendant's indictment, not the date of arrest, is the correct date to begin tolling the 120-day period.

The original charges against defendant were dismissed pursuant to G.S. 15A-931, rather than G.S. 15A-703 or under a finding of no probable cause pursuant to G.S. 15A-612. After the charges

were dismissed against defendant on 9 February, he was indicted for the same offense less than a month later. The indictment returned by the grand jury on 7 March was the only indictment issued against defendant for these charges, and of the relevant event issued by the statute, to wit: arrest, service of criminal process, waiver of indictment, or indictment, it was the last to occur. *See State v. Simpson*, 60 N.C. App. 436, 299 S.E. 2d 257 (1983).

Defendant, however, places great significance in the words "for the original charge," maintaining that the voluntary dismissal taken by the State and the subsequent indictment creates, in effect, an entirely new charge, separate and distinct from the "original," which requires the 120 days to be measured from the date of arrest. This issue was recently decided by the North Carolina Supreme Court in *State v. Koberlein*, 309 N.C. 601, --- S.E. 2d --- (filed 3 November 1983).

In *Koberlein*, the court found no distinction between a dismissal based on the failure of the State to proceed with a probable cause hearing because of the unavailability of a prosecuting witness and a dismissal based on a finding of no probable cause. *Id.* In addition, the court held that when a charge is dismissed on a finding of no probable cause, "the computation of time for the purpose of applying the Speedy Trial Act commences with the last of the listed items ('arrested, served with criminal process, waived an indictment, or was indicted') relating to the *new* charge rather than the original charge." *Id.* at 603, --- S.E. 2d at --- (citing *State v. Boltinhouse*, 49 N.C. App. 665 at 667, 272 S.E. 2d 148 at 150 (1980)) (emphasis added).

In the case at hand, the dismissal taken by the State pursuant to G.S. 15A-931 for lack of a report from the investigating officer is, in substance, no different than a dismissal based on the State's failure to proceed with a probable cause hearing because of the unavailability of a prosecuting witness. It should, therefore, be given the same effect as a dismissal based on a finding of no probable cause in considering the tolling of the Speedy Trial Act time period.

We find that the 120-day period began to run from 7 March 1983, since the indictment was the last of the relevant events to occur in relation to the "new" charge. It was error to dismiss the

case on 23 March 1983, only 16 days after the return of the indictment. The order of the trial court is

Reversed and remanded.

Judges JOHNSON and PHILLIPS concur.