STATE OF NORTH CAROLINA v. HAMMIE LEE WASHINGTON

No. 8426SC228

(Filed 18 December 1984)

**1. Criminal Law § 91— speedy trial—State's continuances properly excluded**

There was no error in the denial of defendant's motion to dismiss for violation of the Speedy Trial Act where continuances were granted to the State because "the trial of other cases prevented the trial of this case during this session" where the State's motions were in writing, the court found that the ends of justice would be served, the court made a written finding as to the reason for its action and specified that the total period of the continuances be excluded, defendant did not object to the findings, and there is no evidence in the record that the court improperly found in any instance that the trial of other cases prevented the trial of this one. G.S. 15A-701(a1)(1), G.S. 15A-701(b)(7).

**2. Robbery § 5.4— failure to instruct on common law robbery as lesser included offense of armed robbery—no error**

In a prosecution for armed robbery, there was no error in the court's failure to instruct on common law robbery where defendant did not object to the omission before the jury retired and where the uncontradicted evidence showed that the robberies were committed with a dangerous weapon. N.C. Rule of App. Procedure 10(b)(2).

**3. Criminal Law § 6— failure to instruct on voluntary intoxication—no error**

There was no error in the court's failure to instruct on voluntary intoxication where the evidence showed that the offenses were committed at a liquor house where everyone was drinking, that defendant had bought some drinks for himself, that one of the victims had bought drinks for defendant, that defendant was by his own testimony "pretty high," and that neither defendant nor a witness on his behalf knew how many drinks he had consumed. The evidence did not support a finding that intoxication precluded defendant from having the ability to form the specific intent to commit the offenses charged.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 2 September 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 December 1984.

Defendant appeals from a judgment of imprisonment entered upon convictions on two counts of armed robbery, one count of assault with a deadly weapon with intent to kill inflicting serious injury, and one count of assault with a deadly weapon.

*Attorney General Edmisten, by Assistant Attorney General Steven F. Bryant, for the State.*

*James A. Wynn, Jr., Assistant Appellate Defender, for defendant appellant.*

WHICHARD, Judge.

**[1]** Defendant contends the court erred in denying his motion to dismiss for violation of the Speedy Trial Act, G.S. 15A-701 *et seq.* We find no error.

G.S. 15A-701(a1)(1) provides that the trial of a defendant charged with a criminal offense shall begin "[w]ithin 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs last." The event occurring *"last in fact"* triggers the running of the 120 day period within which the defendant must be brought to trial. *State v. Koberlein,* 309 N.C. 601, 605, 308 S.E. 2d 442, 445 (1983); *see also State v. Charles,* 53 N.C. App. 567, 569-71, 281 S.E. 2d 438, 440-41 (1981).

The relevant event which occurred last here was service upon defendant of the order for arrest on 17 February 1983. The time limitation for commencement of trial thus began to run on that date. Trial commenced on 29 August 1983, 193 days later. The State thus had "the burden of going forward with evidence" meriting exclusion of at least seventy-three days from computation of the limitation period so as to bring the commencement of trial within the requisite 120 days. G.S. 15A-703; *State v. Edwards,* 49 N.C. App. 426, 271 S.E. 2d 533 (1980).

Upon defendant's motions, the court granted two continuances for a total period of fifty-seven days. Defendant concedes that this period should be excluded. With this exclusion, trial commenced 136 days after service of the order for arrest, or sixteen days beyond the requisite 120 day period.

Upon the State's motions, the court granted three continuances for a total period of fifty-five days. In each instance it found that "[t]he trial of other cases prevented the trial of this case during this session." It further found that, considering the factors set forth in G.S. 15A-701(b)(7), "the ends of justice served by granting the continuance outweigh[ed] the best interests of the public and

defendant in a speedy trial," and granted the continuance for that reason. It ordered the period of these continuances excluded.

G.S. 15A-701(b)(7) provides for exclusion of

[a]ny period of delay resulting from a continuance granted by any judge if the judge . . . finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial and sets forth in writing in the record . . . the reasons for so finding.

The court must not grant the motion for continuance unless it is in writing and the court has made written findings; when the court grants a continuance pursuant to this provision, it may specify the period of time to be excluded from the period within which trial must begin. G.S. 15A-701(b)(7).

The State's continuance motions were in writing. In granting each motion the court made the requisite finding that the ends of justice would be served, made a written finding as to the reason for its action, and specified that the total period of the continuance be excluded. The requirements for exclusion of the periods resulting from the continuances granted to the State thus were fully met. G.S. 15A-701(b)(7).

Defendant argues that the record is devoid of any factual circumstances regarding the continuances granted the State, and that there is "no evidence which indicates the nature or magnitude of the 'other cases' being tried during the session" or "that any of these 'other cases faced a speedy trial problem.' " Defendant did not except to the findings in the continuance orders, however, or to the orders themselves. Further, a silent record supports the presumption that the procedure in the trial court was regular and free of error. *State v. Mullis*, 233 N.C. 542, 545, 64 S.E. 2d 656, 658 (1951). Unless the contrary appears, it is presumed that judicial acts and duties have been duly and regularly performed. *State v. Johnson*, 5 N.C. App. 469, 471, 168 S.E. 2d 709, 711 (1969). Since the record here contains no evidence indicating the contrary, it is thus presumed that the court properly found in each instance that the trial of other cases prevented the trial of this one.

We hold that the court properly excluded the periods resulting from continuances granted to defendant and to the State, and that with these exclusions defendant's trial commenced within the 120 day limitation established by G.S. 15A-701(a1)(1). This assignment of error is therefore overruled.

[2] Defendant contends the court erred in failing to instruct on common law robbery as a lesser included offense of armed robbery. He failed to object to this omission before the jury retired, however, and he thus cannot now assign it as error. N.C. R. App. P. 10(b)(2); *State v. Price*, 310 N.C. 596, 600-01, 313 S.E. 2d 556, 560 (1984). Further, the court "is not required to instruct on common law robbery when the defendant is indicted for armed robbery if the uncontradicted evidence indicates that the robbery was perpetrated by the use or threatened use of what appeared to be a dangerous weapon." *State v. Porter*, 303 N.C. 680, 686-87, 281 S.E. 2d 377, 382 (1981). The uncontradicted evidence showed that the robberies were committed with a dangerous weapon. The State's evidence established that defendant choked and hit the first victim with a pipe and cut her with a knife, and that he hit the second victim with a pipe. Defendant testified that he used the weapons in self-defense, but he did not deny their use. All the evidence, then, showed that the incidents involved the use of deadly weapons; an instruction on common law robbery thus was not required. These assignments of error are overruled.

[3] Defendant contends the court erred in denying his request for an instruction on his voluntary intoxication to an extent that raised reasonable doubt as to his capacity to form the specific intent required for conviction of the crimes charged. *See* N.C.P.I. — Crim. 305.10.

> To make the defense of voluntary intoxication available . . ., the evidence must show that at the time of the [offenses] the defendant's mind and reason were so completely intoxicated and overthrown that he could not form a specific intent to [commit them]. [Citations omitted.] In the absence of evidence of intoxication to a degree precluding the ability to form a specific intent to [commit the offenses], the court is not required to charge the jury thereon.

*State v. Gerald,* 304 N.C. 511, 521, 284 S.E. 2d 312, 318-19 (1981); *see also State v. Medley,* 295 N.C. 75, 79-80, 243 S.E. 2d 374, 377 (1978).

The evidence showed that the offenses were committed at a liquor house where everyone was drinking. Defendant had bought some drinks for himself, and one of the victims had bought some for him. Defendant testified that he was "pretty high." He did not know how many drinks he had consumed, however, and neither did a witness on his behalf.

This evidence does not support a finding that intoxication precluded defendant from having the ability to form the specific intent to commit the offenses charged. *See State v. Gerald,* 304 N.C. 511, 284 S.E. 2d 312; *State v. Medley,* 295 N.C. 75, 243 S.E. 2d 374. This assignment of error is thus overruled.

No error.

Judges HEDRICK and EAGLES concur.