STATE v. LINEBERGER

[100 N.C. App. 307 (1990)]

---

STATE OF NORTH CAROLINA v. MICHAEL LINEBERGER

No. 8926SC1361

(Filed 18 September 1990)

1. **Criminal Law § 113 (NCI4th)— discovery—failure to comply — motion to dismiss denied**

    The trial court did not err in a prosecution for assault with a deadly weapon by denying defendant's motion to dismiss based on the State's failure to provide the complete police investigatory report during discovery. Statements made by witnesses to law enforcement officers are not discoverable evidence and, under N.C.G.S. § 15A-904(a), defendant lacked the authority to request the production of the report. There was no constitutional violation because the record establishes that neither the prosecutor nor the investigating officer intentionally withheld any portion of the report, the trial judge specifically considered that the jury was made fully aware of the omitted documents and their contents, the investigating officer was extensively cross-examined about an inconsistency between the testimony of the State's witnesses and an annotation in the report, and both the incomplete report and the complete report were published to the jury for comparison and were admitted into evidence as two separate defense exhibits. N.C.G.S. § 15A-903(d).

    **Am Jur 2d, Depositions and Discovery §§ 437, 443.**

2. **Criminal Law § 201 (NCI4th)— Speedy Trial Act—commencement of 120 days—indictment**

    The trial court did not err in an assault prosecution by denying defendant's motion to dismiss under the Speedy Trial Act where defendant was tried 87 days after his indictment.

The clear and unambiguous language of N.C.G.S. § 15A-701(a1) as applied to the present facts establishes that the relevant event which occurred last and triggered the running of the 120-day period was defendant's indictment.

**Am Jur 2d, Criminal Law §§ 854, 855.**

APPEAL by defendant from judgment entered 15 June 1989 by *Judge Robert W. Kirby* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 21 August 1990.

Defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious injury in violation of G.S. § 14-32 and of discharging a firearm into occupied property in violation of G.S. § 14-34. Upon a jury verdict of guilty, defendant was sentenced to seven years imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Joseph P. Dugdale, for the State.*

*Smith Helms Mulliss & Moore, by James G. Middlebrooks, for defendant-appellant.*

JOHNSON, Judge.

The pertinent facts are as follows: Defendant was arrested on 27 July 1988 and thereafter waived a probable cause hearing on 16 August 1988. On 2 December 1988, defendant filed a motion to dismiss for lack of a speedy trial pursuant to G.S. §§ 15A-701 *et seq.* The grand jury returned true bills of indictments for assault with a deadly weapon with intent to kill inflicting serious injury and for discharging a firearm into occupied property on 5 December 1988.

The State's evidence at trial tended to show, *inter alia*, that in the early morning hours of 29 June 1988, defendant drove his car in the traffic lane to the left of a vehicle driven by Timothy Johnson. Then, according to the State's witness, defendant partially rolled down the front passenger window and fired two shots at the Johnson vehicle. One of those shots struck Lynn Covington, a passenger in Johnson's vehicle, entering her upper arm and lodging in her chest.

Defendant's evidence tended to show that he had picked up a hitchhiker prior to the incident and that it was the hitchhiker,

not the defendant, who fired the shots at the Johnson vehicle, and injured Ms. Covington.

During defendant's case in chief, it was discovered that the State inadvertently failed to include the back side of two report forms and a supplemental page upon which the investigating officer made an entry indicating that a prospective witness for the State had previously identified the person who fired the pistol as "Ron." Defendant presented no evidence suggesting that the State intentionally withheld this information or that the district attorney's office had any prior knowledge that this information existed. The trial judge found that neither the prosecutor nor the police department willfully withheld exculpatory information and that the jury was provided a full opportunity and, in fact, did hear testimony and argument regarding the omission of portions of the investigating officer's report prior to reaching a verdict. Defendant's motion to dismiss all charges was subsequently denied.

[1] The primary question presented on appeal is whether the trial court committed reversible error in denying defendant's motion to dismiss the charges based on the State's failure to provide the complete police investigatory report during discovery. Under the particular facts in this case, we find no error.

Specifically, defendant argues that the State had a duty to provide him with a complete copy of the police investigatory report pursuant to G.S. § 15A-903 and the United States Constitution. Initially, we note that there is no common law right to discovery in criminal cases. *State v. Smith*, 291 N.C. 505, 231 S.E.2d 663 (1977). Thus, questions concerning discovery must be resolved by reference to statutes and due process principles. *State v. Batts*, 93 N.C. App. 404, 411, 378 S.E.2d 211, 214 (1989), *citing State v. McDougald*, 38 N.C. App. 244, 248 S.E.2d 72 (1978), *disc. rev. denied, appeal dismissed*, 296 N.C. 413, 251 S.E.2d 472 (1979).

G.S. § 15A-903(d) provides that:

Documents and Tangible Objects.—Upon motion of the defendant, the court must order the prosecutor to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, motion pictures, mechanical or electronic recordings, . . . tangible objects, or copies or portions thereof which are within the possession, custody, or control of the State and which are material to the preparation of his defense, are

intended for use by the State as evidence at the trial, or were obtained from or belonged to the defendant.

The above-mentioned section is restricted by G.S. § 15A-904(a) which provides that:

> ... this Article does not require the production of ... statements made by witnesses or prospective witnesses of the State to anyone acting on behalf of the State.

*See also State v. Harris*, 323 N.C. 112, 371 S.E.2d 689 (1988). Statements made by witnesses to law enforcement officers are not discoverable evidence. *State v. Alston*, 307 N.C. 321, 298 S.E.2d 631 (1983). Therefore, defendant lacked the requisite statutory authority to request the production of the police investigatory report.

As to defendant's argument that the omitted portions of the police investigatory report were discoverable under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that the failure of the State to produce the requested information violated his right to due process by denying him the opportunity to effectively cross-examine witnesses, we disagree. *Brady* merely requires the disclosure, upon request, of *favorable* evidence to the accused. It does not require the disclosure of *all* evidence. *State v. Alston, supra.*

While we recognize that the Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment," *Brady v. Maryland, supra* at 87, 83 S.Ct. 1194, 10 L.Ed.2d 215, we also recognize that the State's obligation to disclose such evidence to defense counsel begins *at trial. State v. Jackson*, 309 N.C. 26, 305 S.E.2d 703 (1983). In clarifying the *Brady* rule, the Supreme Court in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), held that a general request for all exculpatory information does not create a prosecutorial duty to respond with the production of all information. Moreover, the Court held that the Constitution does not require that the defendant be allowed broad discovery of all of the prosecution's files. *Id.* at 109, 96 S.Ct. at 2400, 49 L.Ed.2d at 353. In evaluating whether the suppression of such information violated defendant's right to due process, "the focus should not be on the impact of the undisclosed evidence on the defendant's ability to prepare for trial, but rather should be on the effect

of the nondisclosure on the outcome of the trial." *State v. Alston*, *supra* at 337, 298 S.E.2d at 642. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Id. quoting United States v. Agurs*, 427 U.S. at 109-10, 96 S.Ct. at 2400, 49 L.Ed.2d at 353.

The record in the case *sub judice* establishes that neither the prosecutor nor the investigating officer intentionally withheld any portion of the investigative report. Also, the record indicates that the trial judge, prior to ruling on defendant's motion to dismiss, specifically considered that the jury was made fully aware of the omitted documents and their contents. Further, the investigating officer was extensively cross-examined about the inconsistency between the testimony of the State's witnesses and the annotation in the police investigatory report which indicated that the suspect was originally identified as "Ron." Moreover, both the incomplete investigative report as it was presented to the defense counsel and the complete investigative report were published to the jury for comparison and were admitted into evidence as two separate defense exhibits.

In our view, defendant has failed to establish that the outcome of the trial would have been different had the omitted evidence been made available to him prior to the time the State's witnesses had been excused. Thus, this assignment of error is overruled.

[2] Next, defendant contends that the trial court improperly denied his speedy trial motion. Specifically, defendant argues that for purposes of the Speedy Trial Act, the State was required to bring him to trial within 120 days from the date he was arrested, not the date he was indicted. In support of this argument, defendant relies principally on *State v. Koberlein*, 309 N.C. 601, 308 S.E.2d 442 (1983). We find defendant's reliance on this case to be appropriate. This assignment of error is nevertheless overruled.

Initially, we note for the sake of clarity that the Speedy Trial Act was repealed by the Legislature as of 1 October 1989. In view of the fact that the defendant's arrest and subsequent convictions arose prior to this time, defendant is permitted to rely upon G.S. §§ 15A-701 *et seq.*

As noted by the defendant, G.S. § 15A-701(a1) provided in pertinent part that:

[t]he trial of the defendant charged with a criminal offense shall begin within the time limits specified below:

(1) Within 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, *whichever occurs last.* (Emphasis added.)

In *State v. Koberlein, supra,* Justice Mitchell for the Court stated that:

When enacting the statute under review here [G.S. § 15A-701(a1)], we assume that the legislature intended the phrase "whichever occurs last" to have its ordinary meaning and to indicate that, of the triggering events listed in the statute, that event occurring *last in fact* will trigger the running of the 120 day period within which the defendant must be brought to trial. (Emphasis in original.)

Where, as here, the language of a statute is clear and unambiguous, there is not room for judicial construction and the courts must give the statute its plain and definite meaning as adopted by the legislature.

*Id.* at 605, 308 S.E.2d at 445. We reject defendant's argument that the event which triggered the running of the 120 day period of the Speedy Trial Act was his arrest on 27 July 1988. The clear and unambiguous language of G.S. § 15A-701(a1), when applied to the present facts, establishes that the relevant event which occurred last and triggered the running of the 120 day period was defendant's indictment on 5 December 1988. Inasmuch as only 87 days elapsed between the defendant's indictment and the date of his trial, defendant's speedy trial motion was properly denied. This assignment of error is overruled.

For the reasons stated, we find that the defendant received a fair trial free of prejudicial error.

No error.

Judges PHILLIPS and PARKER concur.