STATE v. LOPEZ

[101 N.C. App. 217 (1990)]

STATE OF NORTH CAROLINA v. GEORGE LOPEZ

No. 904SC58

(Filed 18 December 1990)

1. **Bills of Discovery § 6 (NCI3d)— failure to comply with discovery—sanctions—continuance or recess**

   The trial court did not abuse its discretion in refusing to exclude statements made by defendant to a fellow inmate because the State failed to provide these statements to defense counsel within the time required by N.C.G.S. § 15A-903(a)(2) where the statements were made available to defendant on the day of trial, and the trial court offered defense counsel the choice either to continue the case until the next session or to recess until the following morning. N.C.G.S. § 15A-910.

   **Am Jur 2d, Depositions and Discovery §§ 427, 431.**

   **Exclusion of evidence in state criminal action for failure of prosecution to comply with discovery requirements as to physical or documentary evidence or the like—modern cases. 27 ALR4th 105.**

2. **Narcotics § 3.1 (NCI3d)— defendant's association with cocaine seller—relevancy**

   The trial court in a prosecution for trafficking in cocaine did not abuse its discretion in permitting a witness to testify that he was either selling or cooking cocaine on several occasions while he was talking to defendant since the evidence was relevant to establish the nature and duration of the relationship between defendant and the witness and the probability that defendant would confide in the witness and make incriminating statements to him.

   **Am Jur 2d, Drugs, Narcotics, and Poisons § 46.**

APPEAL by defendant from judgment entered 24 August 1989 in ONSLOW County Superior Court by *Judge James R. Strickland.* Heard in the Court of Appeals 13 November 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*Janet M. Lyles for defendant-appellant.*

DUNCAN, Judge.

On 15 February 1989, police officers in Jacksonville, North Carolina executed a search warrant on Room 225 of the local Econo Motor Lodge. When the officers entered the room, it was occupied by Carmen and Carlos Hernandez and a minor child. The police found a white sock containing a quantity of white powder in the bathtub. The white powder was subsequently analyzed as being 70.5 grams of cocaine.

While the police officers were in the room, George Lopez ("defendant") knocked on the door and entered. As the officers had been observing Room 225, prior to obtaining the search warrant, they had observed defendant leaving the room and going to the parking lot. After defendant had been admitted to the room, Carlos Hernandez consented to a search of his truck, which was in the parking lot. Defendant had the keys to the truck in his pocket; he gave the keys that would open the truck to one of the officers. No cocaine or other illegal substances were found in the truck, but defendant was searched and placed under arrest. Defendant was charged with two counts of conspiracy to traffic in cocaine and trafficking in cocaine by transportation.

On 5 April 1989 defendant filed a discovery motion seeking to obtain all statements made by him which the state intended to offer into evidence. On the day of trial the Assistant District Attorney gave defendant's counsel statements defendant allegedly made to Gerald Waller ("Mr. Waller"), who was incarcerated at the same time as defendant. Mr. Waller's statements were to the effect that defendant said he brought the cocaine down to North Carolina with him from Connecticut, and that the cocaine was not his personally, but that he came here with the cocaine and Carlos Hernandez. According to Mr. Waller, defendant stated that he (defendant) and Mr. Hernandez were partners, and were on their way to Miami to pick up more cocaine.

Defendant's counsel moved to suppress the statements. The trial court denied the motion, but offered counsel the choice of either continuing the case until the next session of court, or to recess until 9:30 the next morning. Defense counsel chose the recess.

At trial Mr. Waller testified as to the statements made by defendant to him while they were incarcerated together. Mr. Waller

further testified that he (Mr. Waller) had seen defendant on previous occasions when he (Mr. Waller) was cooking or selling cocaine.

The jury found defendant guilty of trafficking in cocaine. Defendant received a seven year sentence and a $50,000.00 fine. Defendant appealed.

I

[1] Defendant first argues that the trial court erred in denying the motion to suppress his statements to Mr. Waller, since those statements were not made available to him until the day of trial.

N.C. Gen. Stat. § 15A-903(a)(2) (1988) provides, in part, that

Upon motion of a defendant, the court must order the prosecutor:

(2) To divulge, in written or recorded form, the substance of any oral statement relevant to the subject matter of the case made by the defendant, regardless of to whom the statement was made, within the possession, custody or control of the State, the existence of which is known to the prosecutor or becomes known to him prior to or during the course of trial; except that disclosure of such a statement is not required if it was made to an informant whose identity is a prosecution secret and who will not testify for the prosecution, and if the statement is not exculpatory. *If the statement was made to a person other than a law enforcement officer and if the statement is then known to the State, the State must divulge the substance of the statement no later than 12 o'clock noon, on Wednesday prior to the beginning of the week during which the case is calendared for trial.* (emphasis added.)

Since the state failed to comply with the time frame set forth in the statute, the question arises as to the remedies available to the defendant for that failure. N.C. Gen. Stat. § 15A-910 (1988) provides as follows:

If at any time during the course of the proceedings the court determines that a party has failed to comply with this Article or with an order issued pursuant to this Article, the court in addition to exercising its contempt powers may

(1) Order the party to permit the discovery or inspection, or

(2) grant a continuance or recess, or

(3)   prohibit the party from introducing evidence not disclosed, or

(3a) declare a mistrial, or

(3b) dismiss the charge, with or without prejudice, or

(4)   enter other appropriate orders.

Thus, the remedies set out by statute include the very ones the trial court made available. The trial court offered defendant's counsel the option of a recess or a continuance until a later date. Defendant chose the recess. Defendant now argues that that allowed insufficient time to prepare for cross-examination of Mr. Waller. In response, first of all, defendant had the option of a continuance for a longer period of time. Defendant argues that a continuance was not an attractive option since, having been unable to post bail, he would have had to stay in jail. Clearly both options had advantages and disadvantages; they were nevertheless viable options. Defendant's selection of the recess gave him time to prepare, and he did conduct a cross-examination of Mr. Waller. Defendant undoubtedly would have preferred having additional time, but does not show, nor does the record suggest, that additional time would have yielded information that reasonably could have been expected to lead to a different result.

The determination of what are appropriate sanctions for violation of a discovery order is within the sound discretion of the trial court. *See, e.g., American Tel. & Tel. Co. v. Griffin,* 39 N.C. App. 721, 251 S.E.2d 885, *disc. review denied,* 297 N.C. 304, 254 S.E.2d 921 (1979). We find no abuse of discretion here.

II

[2]   Defendant argues that the trial court committed reversible error in allowing Mr. Waller to testify that on several occasions while he was talking to defendant, Mr. Waller was either selling or cooking cocaine. Defendant argues that the sole purpose of the testimony was to show defendant's association with persons who sold cocaine, thus making it more probative that defendant would also engage in such activity. As such, defendant argues, the evidence was prejudicial and inflammatory, and had no probative value.

Whether to exclude evidence on the basis that its probative value is substantially outweighed by the danger of unfair prejudice is a matter within the sound discretion of the trial court. *State*

*v. Mason*, 340 S.E.2d 430, 315 N.C. 724 (1986) (citing N.C. Gen. Stat. § 8C-1, Rule 403). We find no abuse of discretion here. The evidence was relevant to establish the nature and duration of the relationship between defendant and Mr. Waller, and the probability that defendant would confide in him.

We have examined defendant's remaining assignments of error and find them to be without merit. We hold that defendant received a fair trial, free from prejudicial error. Accordingly, the judgment is

Affirmed.

Chief Judge HEDRICK and Judge LEWIS concur.