STATE OF NORTH CAROLINA v. STEVEN WAYNE SHEDD

No. 9327SC1204

(Filed 15 November 1994)

**1. Constitutional Law § 169 (NCI4th)— alleged failure to comply with discovery—dismissal of charges—State's appeal—no double jeopardy**

The State's appeal from the trial court's dismissal of first-degree murder charges against defendant due to the State's alleged failure to comply with discovery rules did not violate defendant's double jeopardy rights because the dismissal was

based on grounds unrelated to defendant's factual guilt or innocence.

**Am Jur 2d, Criminal Law §§ 258 et seq.**

**Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L. Ed. 2d 924.**

2. **Criminal Law § 106 (NCI4th)— no failure to comply with discovery—dismissal abuse of trial court's discretion**

The trial court erred in dismissing first-degree murder charges against defendant due to the State's alleged failure to comply with discovery rules where (1) the State's failure to provide information concerning a police officer's log entry, which may have been relevant to an eyewitness's credibility, was disclosed at trial, and (2) there was no "statement" by an eyewitness within the meaning of N.C.G.S. § 15A-903 which the State failed to give to the defense, as the witness did not sign, adopt, or otherwise approve of any statement allegedly made by her on the night of the murder.

**Dismissal of state court action for failure or refusal of plaintiff to obey request or order for production of documents or other objects. 27 ALR4th 61.**

Appeal by the State from order entered 25 August 1993 by Judge Beverly T. Beal in Gaston County Superior Court. Heard in the Court of Appeals 27 September 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General Mary Jill Ledford, for the State.*

*Steven B. Dolley, Jr. for defendant-appellee.*

LEWIS, Judge.

[1] The trial court dismissed first-degree murder charges against defendant due to the State's alleged failure to comply with discovery rules. The State now appeals. This appeal does not violate defendant's double jeopardy rights, because the dismissal was based on grounds unrelated to defendant's factual guilt or innocence. *State v. Priddy*, 115 N.C. App. 547, 445 S.E.2d 610 (1994); *United States v. Scott*, 437 U.S. 82, 100, 57 L. Ed. 2d 65, 80 (1978). A recitation of the facts of this case is not necessary to our disposition of this appeal.

The trial court's order of dismissal was based on two findings: first, that the State failed to produce for the defendant evidence of an officer's log entry which indicated that a "key witness," Gayle Swanger, was too intoxicated to give a statement on the night in question, and second, that the State violated discovery rules by failing to provide to the defense a statement allegedly made by the same witness, Gayle Swanger.

[2] N.C.G.S. § 15A-910 (1988) provides a trial court with alternative sanctions to impose when a party fails to comply with discovery rules. The court may:

(1)  Order the party to permit the discovery or inspection, or

(2)  Grant a continuance or recess, or

(3)  Prohibit the party from introducing evidence not disclosed, or

(3a) Declare a mistrial, or

(3b) Dismiss the charge, with or without prejudice, or

(4)  Enter other appropriate orders.

§ 15A-910. A trial court's imposition of discovery sanctions is within the court's sound discretion and will not be reversed absent a showing of abuse of discretion. *State v. Pigott*, 320 N.C. 96, 357 S.E.2d 631 (1987). The choice of sanctions contained in section 15A-910 is also within the discretion of the trial court. *State v. Lopez*, 101 N.C. App. 217, 398 S.E.2d 886 (1990). We find that the court abused its discretion in dismissing a first-degree murder charge with prejudice under the circumstances in the case at hand.

Officer Lowe wrote in his log at 2:09 a.m. on 8 August 1992, the night of the murder, that eyewitness Gayle Swanger was too intoxicated to interview. At trial, Swanger testified as to the events surrounding the death by shotgun blasts of Jimmy Helms that night. The trial court ruled that the log entry was directly relevant to Swanger's credibility, and that the State's failure to provide this information to the defense violated *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963). Because the evidence was disclosed at trial, we find no *Brady* violation. *See State v. Abernathy*, 295 N.C. 147, 157, 244 S.E.2d 373, 380 (1978); *State v. Lineberger*, 100 N.C. App. 307, 311, 395 S.E.2d 716, 718, *disc. review denied and appeal dismissed*, 327 N.C. 639, 399 S.E.2d 331 (1990).

The trial court also found that Gayle Swanger had given a statement to Officer Lowe on the night of 8 August 1992 and that this statement was not voluntarily given to the defense, in violation of N.C.G.S. § 15A-903 (1988) and the court's own order. We note that, although the record contains defendant's motion for an order compelling discovery, it does not contain a discovery order from the court. For the purposes of this statute, a "statement" is defined in relevant part as "[a] written statement made by the witness and signed or otherwise adopted or approved by [her]." § 15A-903(f)(5)a.

The only evidence of a statement is the testimony of Gayle Swanger that she made a statement but did not sign it, go back over it, read it or have it read to her. She did not receive a copy of it; she never even saw it. Thus, even if the trial court believed that Swanger gave a statement, there is no evidence that Swanger signed, adopted or otherwise approved of the statement. We find that there was no statement as defined in section 15A-903.

Because there is no evidence that Swanger made a statement as defined in section 15A-903, the trial court was not authorized to impose sanctions for violating that section. *See* § 15A-910. Having found neither a *Brady* violation nor a section 15A discovery violation, we reverse the trial court's order of dismissal.

The final issue before us concerns a motion to dismiss the appeal, or, alternatively, to strike certain portions of the record on appeal. Defendant filed this motion one day prior to oral argument in this Court. In the motion defendant points out that several documents in the record are undated and were not signed by him, thereby violating the appellate procedure rules. N.C.R. App. P. 9(b)(3). He also alleges that the record was not properly settled and points out that several affidavits in the record were filed on 29 November 1993, which is the date on the Certificate of Settlement of the record. Defendant alleges that 29 November 1993 is the same day that the proposed record was served upon defendant. The record was filed in this Court on 30 November 1993.

The unsigned and undated documents, which have no effect on our disposition of the issues on appeal, should be stricken from this record. Although defense counsel contends that the proposed record was served upon defendant on 29 November 1993, the Certificate of Service in the record indicates that the record was served on defendant on 29 October 1993. In its Appellate Entries, the trial court ordered defendant to serve amendments or objections to the pro-

posed record within 15 days after its service upon him. Defendant failed to file any amendments or objections within that period, or within the 21-day period normally permitted by the appellate rules in non-capital cases. N.C.R. App. P. 11(b). Thus, the record was properly settled based on defendant's failure to respond, as indicated by the State in the Certificate of Settlement. We hereby strike the affidavits filed 29 November 1993, the same date as the date of settlement. These affidavits have no effect on our disposition of this appeal.

The order of the trial court is reversed and this case is remanded for further proceedings.

Judges JOHNSON and GREENE concur.