**D.G. MATTHEWS & SON v. STATE EX REL. McDEVITT**

[131 N.C. App. 520 (1998)]

D. G. MATTHEWS & SON, INC. A NORTH CAROLINA CORPORATION, PETITIONER-APPELLEE V. STATE OF NORTH CAROLINA EX REL., R. WAYNE MCDEVITT, SECRETARY, DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES, RESPONDENT-APELLANT

No. COA98-279

(Filed 1 December 1998)

**Environmental Law— scrap tire disposal—lien on real property**

A trial court judgment concluding that the Scrap Tire Disposal Act did not allow the imposition of a lien on the current owner's property irrespective of fault or responsibility of the current owner and that a lien arises only when the owner of the property is identical to the person responsible for the nuisance was affirmed in part, reversed in part, and remanded. DENR must determine the person responsible prior to issuing abatement orders or instituting any civil action to recover the cost of DENR's abatement; once that determination is made, they must pursue the person responsible for the costs and expenses of abatement and can impose a lien on the real property only when that avenue of collection has proven unsuccessful. N.C.G.S. § 130A-309.60(a) and (b).

Appeal by the State from judgment entered 19 December 1997 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 26 October 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Lauren Murphy Clemmons, for the State.*

*Batts, Batts & Bell, L.L.P., by Jeffrey A. Batts, for appellee.*

SMITH, Judge.

This case is one of first impression with respect to proper interpretation of the North Carolina Scrap Tire Disposal Act (the Act). N.C. Gen. Stat. §§ 130A-309.51-63 (1997). Specifically, the issues presented involve the proper construction of subsections (a) and (b) of N.C. Gen. Stat. § 130A-309.60 (1997).

In July 1987, two years prior to enactment of the Act, appellee, D.G. Matthews, Inc. (Matthews), purchased the "Taylor Farm." On the date of purchase approximately twenty-thousand scrap tires were

IN THE COURT OF APPEALS                    521

D.G. MATTHEWS & SON v. STATE ex rel. McDEVITT

[131 N.C. App. 520 (1998)]

located on the property. Appellee was aware of these tires, and after buying the land he allowed no further disposal of tires but took no action to remove those existing. On 28 March 1994, appellant, Department of Environment and Natural Resources (DENR), issued Matthews a notice stating that the tires violated Title 15A N.C. Admin Code 13B.1105(a). DENR demanded the tires be removed pursuant to N.C. Gen. Stat. § 130A-309.60. Matthews responded stating that under the statute it was not the "person responsible for the nuisance." On 19 May 1995, DENR delivered a compliance order to Matthews mandating cleanup of the site and threatening a daily, non-compliance penalty of up to five-thousand dollars. After further correspondence regarding the "person responsible for the nuisance," Matthews petitioned DENR for a declaratory ruling interpreting the provisions of N.C. Gen. Stat. § 103A-309.60.

On 5 August 1996, State Health Director, Dr. Ronald H. Levine, issued the declaratory ruling. The ruling specifically did not address the issue of whether Matthews was the "person responsible for the nuisance." It did state, however, that a lien against the real property containing scrap tires may be instituted irrespective of the current owner's fault or responsibility in creating the nuisance. Matthews petitioned the Superior Court for judicial review of the declaratory ruling. On 13 June 1997, Judge Farmer reversed the declaratory ruling and entered judgment for Matthews. On 19 December 1997, Judge Farmer entered an amended judgment striking his previous judgment. In his amended judgment, he found:

1. The statute under review, G.S. § 130A-309(b), distinguishes between the "owner of the property" on which a tire site is located and "the person responsible for the nuisance."

2. The responsibility for remediating [sic] a nuisance pursuant to the statute devolves upon "the person responsible for the nuisance" and not the "owner of the property."

3. The responsibility for repaying costs incurred by the State pursuant to the statute devolves upon "the person responsible for the nuisance" and not the "owner of the property."

Based on the foregoing findings, Judge Farmer concluded in pertinent part:

1. G.S. § 130A-309.60(b) does not allow the imposition of a lien on the owner's property irrespective of fault or responsibility of the current owner of the property for creating the nuisance. The

D.G. MATTHEWS & SON v. STATE ex rel. McDEVITT

[131 N.C. App. 520 (1998)]

lien arises only when the "owner of the property" is identical to "the person responsible for the nuisance."

The amended judgment disallowed a lien on Matthews' real property. Respondent appeals.

N.C. Gen. Stat. § 150B-4(a) (1997) permits review of an agency's declaratory ruling in the same manner as that of an order in a contested case. Therefore, the standard of review for DENR's ruling is determined by N.C. Gen. Stat. § 150B-51 (1997). Under section 150B-51, a reviewing court is permitted to reverse or modify the agency's decision if the rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are affected by error of law. Because appellee alleged in his petition for judicial review that appellant erroneously construed section 130A-309.60(b), our standard of review is *de novo. See Friends of Hatteras Island v. Coastal Resources Comm.*, 117 N.C. App. 556, 452 S.E.2d 337 (1995). In *de novo* review, an appellate court may substitute its judgment for that of the agency. *See id.* at 567, 452 S.E.2d at 344.

When construing a statute, this Court's primary task is to ensure that the legislative intent is accomplished. *See Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 403 S.E.2d 291 (1991); *In re Banks*, 295 N.C. 236, 244 S.E.2d 386 (1978). If the language of a statute is free from ambiguity and expresses a single, definite, and sensible meaning, judicial interpretation is unnecessary, and the plain meaning of the statute controls. *See Mazda Motors v. Southwestern Motors*, 296 N.C. 357, 250 S.E.2d 250 (1979). Where the words of a statute have not acquired a technical meaning, they must be construed in accordance with their common and ordinary meaning unless a different meaning is apparent or readily indicated by the context in which they are used. *See State v. Koberlein*, 309 N.C. 601, 308 S.E.2d 442 (1983).

Careful examination of N.C. Gen. Stat. § 130A-309.60 leads us to determine that subsections (a) and (b) are unambiguous and that "owner of the property" and "person responsible for the nuisance" are not synonymous. We further conclude that the phrase "person responsible for the nuisance" is obviously intended to refer to the persons causing the tires to be amassed and that DENR must exhaust its remedies against the "person responsible" before imposing a lien against the situs of a scrap tire nuisance.

Subsection (a) of section 130A-309.60 assigns the task of determining whether a tire collection site is a nuisance to DENR. The section also provides the means by which DENR can abate such nuisances. Accordingly, DENR must first request that the "person responsible" for the nuisance abate the nuisance within ninety days. If the nuisance is not abated in that time, DENR is empowered to order the "person responsible" to abate the nuisance. The statute then prescribes, "*if the person responsible for the nuisance is not the owner of the property* on which the tire collection site is located, the Department may order the property owner to permit abatement of the nuisance." N.C. Gen. Stat. § 130A-309.60(a) (1997) (emphasis added). This sentence is free from ambiguity. We see no indication that these phrases have acquired a technical meaning nor is a different meaning apparent or readily indicated by the context of the Act. Accordingly, they must be construed as their common and ordinary meaning directs. *See Koberlein*, 309 N.C. 601, 308 S.E.2d 442. The purpose of the sentence quoted above is to allow DENR or the "person responsible" access to property upon which a nuisance exists in order to abate the nuisance. More importantly, the sentence indicates the intention that "owner of the property" and "person responsible for the nuisance" are not to be used synonymously nor interchangeably. The sentence, however, does *not* preclude a determination that the owner of the property is in fact the person responsible for the nuisance. To the contrary, the language indicates three germane classifications: 1) those who are persons responsible but not owners, 2) those who are owners but not persons responsible, and 3) those who are persons responsible and owners.

Subsection (b) of § 130A-309.60 sets forth the means by which DENR can recover its costs when it has abated a nuisance. DENR may request that a civil suit be initiated by the Attorney General to recover actual costs, administrative costs, and legal expenses from the person responsible for the nuisance, not the owner of the property. Subsection (b), when read in context with the body of section 130A-309.60, establishes that an owner, who is not the "person responsible," is not liable in a civil action by the Attorney General.

As we have stated, the "person responsible" is primarily liable for the costs and expenses of abatement. Recognizing, however, that the person responsible for the nuisance might be unavailable for the recovery of costs, the legislature provided a secondary mechanism by which DENR could recover its *actual costs* of abatement. The last sentence in subsection (b) permits DENR to impose a lien on real

D.G. MATTHEWS & SON v. STATE ex rel. McDEVITT

[131 N.C. App. 520 (1998)]

property from which DENR has removed scrap tires. The amount of the lien is limited to the "actual cost" of removal. Furthermore, this provision specifically provides that a lien may be imposed only after nonpayment of actual costs by the "person responsible."

It is our opinion that DENR must determine the "person responsible" prior to issuing abatement orders or instituting any civil action to recover the cost of DENR's abatement. Once that determination is made, they must pursue the "person responsible" for the costs and expenses of abatement. Only when that avenue of collection has proven unsuccessful can DENR impose a lien in the amount of actual costs of abatement on the real property situs of the nuisance. In this case, Dr. Levine's declaratory ruling made no determination whether Matthews was the "person responsible" or not. For this reason, the factual question of whether Matthews is the "person responsible" is not before us. However, we do hold that absent other indicia of responsibility, mere ownership is inadequate to justify such a determination.

Finally, we note that the original judgment entered by Judge Farmer expressed concern for the lack of procedural due process rights afforded by this statute. As his judgment was amended and that concern was not ultimately included, that issue is not before this Court. However, we emphasize this Court's continuing dedication to the preservation of those rights and believe that appellant will take any necessary steps to ensure that procedural due process rights of appellee, if any, are not violated.

In summary, we affirm Judge Farmer's interpretation of subsection (a) of section 130A-309.60 as enumerated in his findings above. However, we reverse his conclusion that under subsection (b) a "lien arises only when the 'owner of the property' is identical to 'the person responsible for the nuisance.' " We thus affirm in part, reverse in part, and remand for further remand to DENR for additional proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded for further remand to DENR.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.